**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICTOR MANUEL SANDOVAL-LUA,
                    *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 05-77103

Agency No.
A43-369-153

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 20, 2007—San Francisco, California

Filed August 28, 2007

Before: Alfred T. Goodwin, Sidney R. Thomas, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea;
Concurrence by Judge Thomas

**COUNSEL**

Lamar Peckham, Santa Rosa, California, for the petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michael P. Lindemann, Assistant Director, Douglas E. Ginsburg, Senior Litigation Counsel, Department of Justice, Washington, D.C., for the respondent.

## OPINION

BEA, Circuit Judge:

Victor Manuel Sandoval-Lua ("Lua") petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming a final order of removal, seeking relief from conceded removability. The BIA affirmed the Immigration Judge's ("IJ") decision finding Lua removable on the basis of his conviction for a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i), and denied Lua's application for cancellation of removal. The issue before us is whether Lua has carried his burden to demonstrate eligibility for cancellation of removal. 8 U.S.C. § 1229b(a). More precisely, we consider whether Lua has demonstrated that his prior state conviction under California Health & Safety Code § 11379(a) is not an "aggravated felony" as defined in the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(B).

Lua has conceded that his conviction under California Health and Safety Code § 11379(a) renders him removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance offense. Although the government initially alleged Lua's conviction under California Health & Safety Code § 11379(a) rendered him removable because it was both a controlled substance offense *and* an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), the government withdrew the aggravated felony charge as a basis for Lua's removal. Lua is therefore *not* removable on the basis of having committed an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Because the government withdrew this charge, the government did not bear the burden of establishing by "clear and convincing evidence that [Lua] is deportable" on the basis of having committed an aggravated felony. 8 C.F.R. § 1240.8(a).

Thus, this is a case in which a removable alien is seeking discretionary relief from removal by showing that he is eligi-

ble for cancellation of removal under 8 U.S.C. § 1229b(a) because his § 11379(a) conviction did *not* constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Accordingly, we review to determine whether Lua has carried his burden of establishing eligibility. 8 C.F.R. § 1240.8(d).

Applying the principles of *Taylor v. United States*, 495 U.S. 575 (1990), we first conclude that § 11379(a) is categorically broader than the definition of aggravated felony in 8 U.S.C. § 1101(a)(43)(B). We then hold that the judicially noticeable documents in the administrative record satisfy Lua's burden of establishing by a preponderance of the evidence that his earlier conviction did not constitute an aggravated felony. We therefore grant Lua's petition.

## I.

Lua is a native and citizen of Mexico who was admitted into the United States in San Diego, California, as a lawful immigrant on March 2, 1992. On May 8, 2002, Lua was convicted in the Superior Court of California for violating Cal. Health & Safety Code § 11379(a),[1] and was sentenced to three years imprisonment. Based on Lua's § 11379(a) conviction, the Immigration and Naturalization Service ("INS") served Lua with a Notice to Appear on November 25, 2003, charging him with removability under both 8 U.S.C. § 1227(a)(2)(B)(i),[2]

---

[1]Cal. Health & Safety Code § 11379(a), entitled "Transportation, sale, furnishing, etc.; punishment," states: "every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell furnish, administer, or give away, or attempts to import into this state or transport any controlled substance . . . shall be punished by imprisonment in the state prison for a period of two, three, or four years."

[2]8 U.S.C. § 1227(a)(2)(B)(i) states in relevant part: "Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) . . . is deportable."

as an alien convicted of a controlled substance offense, and 8 U.S.C. § 1227(a)(2)(A)(iii),[3] as an alien convicted of an aggravated felony related to the illicit trafficking in a controlled substance. Lua admitted the factual allegation, contained in the Notice to Appear, that he was convicted under Cal. Health & Safety Code § 11379(a), and he conceded that he was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance offense. The INS withdrew the charge under 8 U.S.C. § 1227(a)(2)(A)(iii) that Lua was removable as an alien convicted of an aggravated felony.

At a February 2, 2004, hearing, the IJ found Lua removable as charged but granted him cancellation of removal. 8 U.S.C. § 1229b(a). The IJ held that the Criminal Complaint and the Abstract of Judgment from Lua's controlled substance conviction did not sufficiently demonstrate that Lua's controlled substance offense under § 11379(a) constituted an aggravated felony under immigration laws. In recognizing that § 11379(a) is divisible—such that some activities made criminal by the statute constitute an aggravated felony for purposes of eligibility for cancellation of removal but other activities do not—the IJ stated that Lua's testimony alone in connection with the Criminal Complaint and the Abstract of Judgment was not sufficient to show that his controlled substance conviction also constituted an aggravated felony. Thus, the IJ found Lua eligible for cancellation of removal and granted Lua such cancellation.

The BIA affirmed the IJ's finding that Lua was removable but reversed the IJ's grant of cancellation of removal. The BIA found that Lua's conviction under California Health and Safety Code § 11379(a) constituted an aggravated felony, rendering him ineligible for cancellation of removal, because Lua's conviction qualified as a "drug trafficking crime."

[3]8 U.S.C. § 1227(a)(2)(A)(iii) states: "Any alien who is convicted of an aggravated felony at any time after admission is deportable."

Since the BIA found that Lua's conviction for transportation of methamphetamine was punishable under the Controlled Substances Act, and was a "felony" under federal law,[4] the BIA held that Lua's conviction was a "drug trafficking crime" and therefore was an "aggravated felony." Because an "alien convicted of an aggravated felony is ineligible for cancellation of removal," the BIA sustained the Department of Homeland Security's ("DHS") appeal and ordered Lua removed to Mexico. One BIA Board Member concurred in the decision. The concurring Board Member stated:

> The criminal complaint leading to the respondent's "transportation" of methamphetamine conviction charged him with the full range of conduct punished by § 11379(a) of the California Health and Safety Code . . . The abstract of judgment does describe the crime as "transportation of meth.," but this description seems to derive simply from the title of § 11379(a) . . . [Lua] bears the burden of proof to show statutory eligibility . . . [and] must show that he "has not been convicted of any aggravated felony" . . . [Lua's] own description of the crime would not suggest that he was simply convicted for solicitation of a crime. I therefore agree that the Immigration Judge erred in granting relief, but I do so because the respondent has not met his burden of proof on the "aggravated felony" issue.

AR 240.

---

[4]The BIA explained that methamphetamine is a controlled substance under 21 U.S.C. § 812(c), sch. III(a)(3), and that transportation of a controlled substance violates 21 U.S.C. § 841(a)(1) ("[I]t shall be unlawful for any person knowingly or intentionally (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ."). Further, the offense constituted a felony under federal law because the maximum term of imprisonment was greater than one year. *See* 18 U.S.C. § 3559(a)(5).

Lua filed a Petition for Review in this court. On March 29, 2005, this court transferred the petition to a U.S. district court with instructions to remand the case to the BIA because its order of removal was inconsistent with *Molina-Camacho v. Ashcroft*, 393 F.3d 937 (9th Cir. 2004), *overruled by Lolong v. Gonzales*, 484 F.3d 1173, 1176-78 (9th Cir. 2007) (en banc), in which this court held that the BIA lacked authority to issue removal orders in the first instance. The BIA vacated its prior decision ordering removal of Lua and remanded the case to the IJ "for the entry of a new decision consistent with *Molina-Camacho* and the prior decision of the Board."

The IJ denied Lua's application for cancellation of removal and ordered Lua removed to Mexico in compliance with the BIA's instruction on remand. Lua appealed this order to the BIA, asserting his eligibility for cancellation of removal on the basis that his conviction of the offense of "transportation of a controlled substance" under California Health & Safety Code § 11379(a) is not a conviction of an aggravated felony.

On November 17, 2005, the BIA dismissed Lua's appeal, holding that Lua failed to demonstrate he had not been convicted of an aggravated felony. The BIA stated:

> The respondent, however, has not offered conviction record evidence to establish that the offense for which he was convicted is not an aggravated felony. In addition, his own description of the crime would not suggest that he was simply convicted for solicitation of a crime. Therefore, inasmuch as the respondent has not met his burden of proving that he was not convicted of an aggravated felony, he has not established that he is eligible for cancellation of removal.

On December 14, 2005, Lua timely filed a petition for review in this court.

## II.

We review de novo questions concerning our jurisdiction. *See Andersen v. United States*, 298 F.3d 804, 807 n.2 (9th Cir. 2002). "Legal determinations regarding an alien's eligibility for cancellation of removal are reviewed de novo." *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006). Our review is limited to the BIA's decision. *See id.* ("When the BIA conducts an independent review of the IJ's findings we review the BIA's decision and not that of the IJ.").

## III.

Before considering the merits of this case, we must determine whether we have jurisdiction over Lua's petition. The government contends that Lua's appeal must be dismissed for lack of jurisdiction because the only issue is evidentiary, namely whether Lua proffered sufficient evidence to demonstrate by a preponderance of the evidence that he was not convicted of an aggravated felony.

The INA circumscribes our jurisdiction to review removal orders in 8 U.S.C. § 1252(a)(2)(C): "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title . . . ." Lua was found removable based on his controlled substance offense conviction pursuant to § 1227(a)(2)(B)(i); therefore, his petition to this court implicates the jurisdictional limitation of § 1252(a)(2)(C). Further, 8 U.S.C. § 1252(a)(2)(B)(i) limits this court's jurisdiction over discretionary decisions of the BIA, including cancellation of removal: "[N]o court shall have jurisdiction to review (i) any judgment regarding the granting of relief under . . . section 1229b [cancellation of removal] . . . ."

However, the REAL ID Act expanded the scope of this court's review under § 1252 by adding a new provision, § 1252(a)(2)(D), which states:

> Nothing in . . . this chapter which limits or elimi-
> nates judicial review, shall be construed as preclud-
> ing review of constitutional claims or *questions of
> law* raised upon a petition for review filed with an
> appropriate court of appeals.

(emphasis added). This court has interpreted this new provi-
sion as repealing "all jurisdictional bars to our direct review
of final removal orders other than those remaining in 8 U.S.C.
§ 1252 (in provisions other than (a)(2)(B) or (C))."
*Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir.
2005), *as adopted by Fernandez-Ruiz v. Gonzales*, 466 F.3d
1121, 1124 (9th Cir. 2006) (en banc). Therefore, to the extent
Lua raises a constitutional claim or a question of law, this
court has jurisdiction to review his final order of removal.
*Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1065 (9th
Cir. 2006) (explaining that under § 1252(a)(2)(D), "we are not
barred from hearing the constitutional claims or questions of
law raised in [an alien's] petition").

**[1]** Contrary to the government's contentions, we have
jurisdiction to review Lua's claims. Whether the judicially
noticeable documents in the administrative record establish
that Lua's controlled substance offense is not an aggravated
felony under 8 U.S.C. § 1101(a)(43)(B) is a question of law.
We thus review the BIA's decision de novo, rather than for
substantial evidence. *Sinotes-Cruz*, 468 F.3d at 1194. Because
this is a question of law, we have jurisdiction to review Lua's
petition under 8 U.S.C. § 1252(a)(2)(D). *Morales v. Gonzales*,
478 F.3d 972, 979-80 (9th Cir. 2007).

### IV.

### A.

Lua has conceded that his conviction under California
Health and Safety Code § 11379(a) renders him removable
pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted

of a controlled substance offense. Having so conceded, Lua bore the burden of proof before the BIA to establish his eligibility for cancellation of removal. 8 C.F.R. § 1240.8(d). An alien must meet three requirements to be eligible for cancellation of removal:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien (1) has been an alien lawfully admitted for permanent resident for not less than five years, (2) has resided in the United States continuously for seven years after having been admitted in any status, and (3) has not been convicted of any aggravated felony.[5]

8 U.S.C. § 1229b(a). An alien who applies for cancellation of removal bears the "burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion." 8 C.F.R. § 1240.8(d); *see also Salviejo-Fernandez*, 455 F.3d at 1066 ("[A]n alien who applies for cancellation of removal bears the burden of demonstrating that he is eligible for such relief."). Furthermore, "[i]f the evidence indicates one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a *preponderance of the evidence* that such grounds do not apply." 8 C.F.R. § 1240.8(d) (emphasis added). Because Lua's California Health & Safety Code § 11379(a) conviction indicates one ground "for mandatory denial of the application for relief"—in that the conviction may constitute an aggravated felony under the INA—Lua's particular burden was to demonstrate by a preponderance of the evidence that his § 11379(a) conviction did not also qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). 8 C.F.R. § 1240.8(d).

---

[5]We note that neither the first nor second factor is at issue in this appeal. Lua became a lawful permanent resident in 1992 and has since resided continuously in the United States.

## B.

### 1.

**[2]** Whether Lua's § 11379(a) conviction constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) is analyzed under the familiar framework of *Taylor v. United States*, 495 U.S. 575 (1990). *See Salviejo-Fernandez*, 455 F.3d at 1067 ("We use the two-step test set forth in [*Taylor*] to determine whether a conviction is an 'aggravated felony' under the INA."); *Parilla v. Gonzalez*, 414 F.3d 1038, 1041-44 (9th Cir. 2005) (applying *Taylor* in determining whether an alien's state law conviction for child molestation constituted an aggravated felony under the INA such that the alien was ineligible for cancellation of removal). We begin by examining whether a conviction under California Health & Safety Code § 11379(a) categorically qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). If so, Lua's controlled substance conviction under § 11379(a) would automatically render him ineligible for cancellation of removal.

The INA defines an "aggravated felony" by reference to a list of criminal offenses, one of which is "illicit trafficking in a controlled substance (as defined in section 802 of title 21), including a drug trafficking crime (as defined in section 924(c) of title 18)." 8 U.S.C. § 1101(a)(43)(B). A "drug trafficking crime" is defined under 18 U.S.C. § 924(c)(2) to include "any felony punishable under the Controlled Substances Act, or the Controlled Substances Import and Export Act." The Controlled Substances Act describes the "distribution" of controlled substances in both interstate and intrastate commerce as being a part of trafficking in controlled substances. *See* 21 U.S.C. § 801(3)(A)-(C), (4)-(7). Under the Controlled Substances Act, "distribute" means "to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." 21 U.S.C. § 802(11).

**[3]** Although we have not previously directly held that California Health & Safety Code § 11379(a) is not categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), two cases control our conclusion here that § 11379(a) is categorically overbroad. First, in *United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001) (en banc), we held that California Health & Safety Code § 11360(a)**⁶** is not categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) because "the Controlled Substances Act neither mentions solicitation nor contains any broad catch-all provision that could even arguably be read to cover solicitation." *See also Leyva-Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir. 1999) (holding that solicitation offenses are not covered in the Controlled Substances Act and are therefore not aggravated felonies under 8 U.S.C. § 1101(a)(43)(B)). Because § 11360(a), like § 11379(a), "punishes solicitation, the full range of conduct encompassed by the statute does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)." *Rivera-Sanchez*, 247 F.3d at 909.

Second, in *United States v. Navidad-Marcos*, 367 F.3d 903, 907-08 (9th Cir. 2004), we held that § 11379(a) punishes "more than the 'manufacture, import, export, distribution, or dispensing of a controlled substance,' or possession with intent to do the same, as required by a 'drug trafficking' offense under [Sentencing Guidelines] § 2L1.2(b)(1)(A)." (quoting § 2L1.2(b)(1)(A)). The significance of this holding for present purposes is twofold: first, we recognized that "§ 11379(a) criminalizes a variety of conduct, some of which would not constitute an aggravated felony under the definitions provided by the Sentencing Guidelines"; and second, we

---

**⁶**California Health & Safety Code § 11360(a) states in relevant part: "[E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison . . . ."

acknowledged that *Rivera-Sanchez* was controlling in determining the breadth of § 11379(a) because § 11360(a) "mirrors 11379(a) except for substituting 'marijuana' for 'controlled substance.' " *Id.* at 908. Indeed, other than this substitution, the statutes are identical. *Compare* Cal. Health & Safety Code § 11379(a) *with id.* § 11360(a); *see also United States v. Almazan-Becerra*, 482 F.3d 1085, 1088 (9th Cir. 2007) ("We have previously held that sections 11360(a) and 11379(a) of the California Health & Safety Code are overbroad and do not categorically qualify for drug trafficking enhancements.").

**[4]** Accordingly, we have little difficulty concluding that the conduct made criminal in § 11379(a) includes conduct not made criminal as aggravated felonies by 8 U.S.C. § 1101(a)(43)(B).

**2.**

**[5]** Because a conviction under § 11379(a) is not categorically an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B), Lua's controlled substance conviction does not foreclose cancellation of removal under 8 U.S.C. § 1229b(a). Lua, however, bears the burden to establish his eligibility thereunder. 8 C.F.R. § 1240.8(d) ("The respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion.").

We turn now to the modified categorical approach to determine whether the record contains judicially noticeable documents which satisfy Lua's burden of establishing by a preponderance of the evidence that his controlled substance conviction under § 11379(a) does not constitute a conviction of an aggravated felony. 8 C.F.R. § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply."). As we explained in

*Parrilla v. Gonzales*, "[u]nder the modified categorical approach, we may consider a limited number of judicially noticeable documents to determine whether, although the statute of conviction is overinclusive, the defendant was in fact convicted of a crime that met the definition of" aggravated felony set forth in 8 U.S.C. § 1101(a)(43)(B). 414 F.3d 1038, 1042 (9th Cir. 2005). Judicially noticeable documents under the modified categorical approach include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005); *see also Almazan-Becerra*, 482 F.3d at 1088.[7] The record before us contains two such documents, which Lua contends sufficiently prove he was not convicted of an aggravated felony as that term is defined in 8 U.S.C. § 1101(a)(43)(B): the Criminal Complaint and the Abstract of Judgment.

[6] The difficulty in this case arises because these documents are inconclusive as to the exact nature of Lua's conviction. Count 1 of the Criminal Complaint, for which Lua was convicted, for example, merely recites the statutory language of § 11379(a), which is written in the disjunctive and contains

---

[7]The BIA improperly considered Lua's testimony before the IJ in concluding that Lua had not demonstrated his eligibility for cancellation of removal. The certified administrative record contains Lua's admission before the IJ that his § 11379(a) conviction was for delivering eight ounces of methamphetamine from a friend to another person in exchange for $450. This conduct falls within 8 U.S.C. § 1101(a)(43)(B)'s definition of aggravated felony, as it is not solicitation or possession for personal use. However, under the modified categorical approach we may not consider this testimony. Pursuant to *Shepard*, our inquiry is limited to the judicially noticeable documents listed above. *See Cisneros-Perez v. Gonzales*, 465 F.3d 386, 393 (9th Cir. 2006) (explaining that in applying the modified categorical analysis, the IJ may not look to the administrative record because "[t]he IJ was not entitled to go beyond the *conviction* record for purposes of ascertaining the crime of which [the petitioner] was convicted").

conduct that both does and does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B):

> Victor Manuel Sandoval, did . . . commit the crime of **TRANSPORTATION OF A CONTROLLED SUBSTANCE**, a **FELONY** violation of Section 11379(a) of the California Health and Safety Code, in that said defendant did then and there transport, sell, furnish, administer, or give away, or offer to transport, sell, furnish, administer, or give away or attempt to transport a narcotic controlled substance, to wit, Methamphetamine.

(emphasis in original). The Complaint's inclusion of "or offer to transport, sell, furnish, administer, or give away" means that Lua could have been pleading to solicitation, which as we have explained is not an aggravated felony under the INA. *See Leyva-Licea*, 187 F.3d at 1150. Under *Almazan-Becerra*, a "disjunctive guilty plea does not unequivocally establish that [Lua] committed a drug-trafficking crime." 482 F.3d at 1090 (internal quotation marks omitted).

The Abstract of Judgment likewise does not describe the facts of Lua's conviction. It merely lists the convicting statute as § 11379(a) and describes the crime as "TRANSPORTATION OF METH." These documents plainly do not show that Lua's § 11379(a) conviction necessarily contained all the elements that constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).[8]

---

[8]Even if the words "TRANSPORTATION OF METH." in the Abstract of Judgment were to be divorced from the statutory language which establishes solicitation as a violation of § 11379(a), the Abstract of Judgment would not suffice to establish Lua's conviction was for aggravated felony elements. We have previously held that an abstract of judgment is not sufficient to establish unequivocally that the defendant was convicted of aggravated felony elements:

> An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and

**[7]** We are thus left to consider this question: Does an alien seeking to prove his eligibility for cancellation of removal under 8 U.S.C. § 1229b(a) carry his burden of establishing by a preponderance of the evidence that he has not been convicted of an aggravated felony when the alien produces an *inconclusive* record of conviction? We conclude that he does. By submitting an inconclusive record of conviction, Lua has affirmatively proven under the modified categorical analysis that he was not necessarily "convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3).

**[8]** Under the modified categorical analysis, our concern is with the nature of Lua's § 11379(a) conviction, not with the conduct underlying the conviction;[9] consequently, we must

---

> may not add to or modify the judgment it purports to digest or summarize. Preparation of the abstract of criminal judgment . . . is a clerical, not a judicial function. . . . The form simply calls for the identification of the statute of conviction and the crime, and provides a very small space in which to type the description. It does not contain information as to the criminal acts to which the defendant unequivocally admitted in a plea colloquy before the court.

*Navidad-Marcos*, 367 F.3d at 908-09.

[9]That we are to focus on the conviction rather than the conduct was made clear in *Taylor v. United States*, 495 U.S. 575 (1990). There, the Supreme Court explained:

> Congress intended the sentencing court to look only to the fact that the defendant had been *convicted* of crimes falling within certain categories, and *not to the facts* underlying the prior convictions. Section 924(e)(1) [of Title 18 of the United States Code] refers to "a person who . . . has three previous convictions" for— not a person who has committed—three previous violent felonies or drug offenses.

495 U.S. at 600 (emphases added). Under that analysis, the only facts that matter are the facts of conviction, not the facts of the conduct. *See Chang v. I.N.S.*, 307 F.3d 1185, 1189-92 (9th Cir. 2002). Of course, that analysis clearly rests in the text of the relevant statute, which in *Taylor* was the Armed Career Criminals Act (ACCA). But the same analysis applies in

determine whether the judicially noticeable documents establish that Lua's conviction necessarily was for all of the elements constituting an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). If the record of conviction does not so establish, Lua's § 11379(a) conviction cannot amount to the generic offense, and Lua has carried his burden. This conclusion results from the Supreme Court's holdings in *Taylor*, 495 U.S. 599-602, and *Shepard*, 544 U.S. at 19-21, which both stress that a predicate conviction qualifies as a generic crime under the modified categorical approach only if the record of conviction shows the jury "necessarily" found all of the generic elements, or the defendant "necessarily" admitted all of the generic elements in a plea.

Under the modified categorical analysis introduced in *Taylor* and reaffirmed in *Shepard*, either the record of conviction shows that the predicate conviction was for the generic crime or it fails to show the conviction was for the generic crime. In *Taylor*, the Court addressed state burglary statutes that were broader than the generic burglary definition it had adopted, which did not include entry into automobiles. The Court explained when the government could nonetheless use a conviction under the overbroad statute to enhance a sentence:

> This categorical approach, however, may permit the
> sentencing court to go beyond the mere fact of con-

---

the immigration context since the INA uses similar language. The cancellation of removal provision refers to an alien who has "been convicted of" —not an alien who has committed—"any aggravated felony." 8 U.S.C. § 1229b(a)(3). That provision, like the ACCA provision, makes it clear that "Congress intended the [immigration] courts to look only to the fact that the [alien] had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." *Taylor*, 495 U.S. at 600. In any case in which aggravated felony convictions are at issue, the relevant question is whether the alien was *convicted of*, not whether the alien committed, an aggravated felony. *See Tokatly v. Ashcroft*, 371 F.3d 613, 622 (9th Cir. 2004).

viction in a narrow range of cases where a jury was *actually required to find all the elements of generic burglary*. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury *necessarily had to find* an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

495 U.S. at 602 (emphases added). Using the Court's example, it follows logically that if the defendant had been charged with the statutory elements of the overbroad statute, which included both entry of an automobile and entry of a building, and nothing else demonstrated conclusively that the jury had to find entry of the building to convict, the conviction could *not* be used for the enhancement. The reason? It could not be said as a matter of law that the conviction was *necessarily* for generic burglary.

*Shepard* reemphasized this aspect of *Taylor*. While discussing which documents qualified under the modified categorical approach, the Court explained the document allowed "a later court . . . generally [to] tell whether the plea had '*necessarily*' *rested on the fact* identifying the burglary as generic." 544 U.S. at 21 (emphasis added). The Court stated that a prior conviction qualifies as the generic crime only "on a showing that a prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to generic burglary." *Id.* at 24.

**[9]** Under *Taylor* and *Shepard*, the record of conviction is not a proxy for determining whether the alien committed relevant conduct. It is instead a self-sufficient body of the only evidence that can be considered on the issue. In other words, the documents to which we are limited under *Shepard* are not a purely practical limit; they are also a legal limit, intended to

hold our inquiry to the legal conviction rather than the factual conduct. Hence, the record must be enough to prove that an alien either was or was not convicted of conduct which constituted an aggravated felony for purposes of the modified categorical analysis. When the record of conviction contains a charging document that lists conduct that does constitute an aggravated felony and conduct that does not constitute an aggravated felony, the conclusion is that the jury was not *necessarily* required to find the elements of the generic aggravated felony in order to convict on that document. Without more, it cannot be said as a matter of law that such conviction was for the generic crime. *See generally Almazan-Becerra*, 482 F.3d at 1089-90; *Cisneros-Perez v. Gonzales*, 465 F.3d 386, 391-94 (9th Cir. 2006); *Jeune v. Atty. Gen. of the U.S.*, 476 F.3d 199, 202-04 (3d Cir. 2007). Hence the conclusion that an inconclusive record of conviction is sufficient to demonstrate an alien petitioner was not "necessarily" convicted of the generic crime.

**[10]** Applying these principles to the precise issue before us, we hold that the inconclusive record of conviction in this case is sufficient to show that Lua was not convicted of "any aggravated felony." 8 U.S.C. § 1229b(a)(3). Thus, Lua carries his burden to show by a preponderance of the evidence that his § 11379(a) conviction was not "necessarily" an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). 8 C.F.R. § 1240.8(d). We have before us a record of conviction that is inconclusive. On the basis of the documents in the record, we cannot say that Lua's § 11379(a) plea "necessarily admitted" the elements of the generic offense. It is just as possible, on the basis of the record, that Lua pleaded to the nongeneric elements. When confronted with such a record, pursuant to *Taylor* and *Shepard* we must conclude as a matter of law that the conviction was not for a generic offense for purposes of determining whether Lua has committed an aggravated felony under the

INA.**¹⁰** Thus, Lua has carried his burden to show that he has not been convicted of an aggravated felony.**¹¹**

**[11]** Accordingly, Lua is eligible for cancellation of removal under 8 U.S.C. § 1229b(a).**¹²** We therefore GRANT

---

**¹⁰**We note that the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 304 (codified at 8 U.S.C. § 1229a(c)(4)(B)), explains that in sustaining his burden to establish eligibility for cancellation of removal, "[t]he applicant must comply with the applicable requirements to submit information or documentation in support of the applicant's application for relief or protection as provided by law or by regulation or in the instructions for the application form." We need not address whether this provision expands the available documents an alien may put forth in sustaining his burden of proof of eligibility beyond the judicially noticeable documents of *Shephard* under the modified categorical approach. This provision of the REAL ID Act is not applicable to Lua's application for cancellation of removal because Lua's petition was originally filed in 2004, before the effective date of the REAL ID Act, May 11, 2005. Pub. L. No. 109-13 div. B § 101(h)(2), 119 Stat. 231, 305 (stating that this provision of the Act "shall take effect on the date of the enactment of this division and shall apply to applications for asylum, withholding, or other relief from removal *made on or after such date*." (emphasis added)). *See Yan v. Gonzales*, 438 F.3d 1249, 1251 n.3 (10th Cir. 2006).

**¹¹**We recognize the BIA has come to a different conclusion in cases presenting a similar question to the one we here confront. *See, e.g.*, *In re: Garth Antony Miller*, 2006 WL 3922268 (BIA Dec. 22, 2006) (holding alien respondent did not carry burden of establishing eligibility for cancellation of removal where the alien had not "offered any judicially noticeable documents to support his claim that his conviction in violation of [California Health & Safety Code] § 11360(a) . . . is not an aggravated felony as defined under [8 U.S.C.] § [1]101(a)(43)(B)"); *In re: David Antonio Wilson-Balderramos*, 2006 WL 3088829 (BIA Sept. 11, 2006) (holding alien respondent did not carry burden of establishing eligibility for cancellation of removal where a prior conviction for a theft offense under California Penal Code § 496(a) "could constitute an aggravated felony," but it was "unclear from the instant record that it is, in fact, an aggravated felony). We are nonetheless confident that ours is the correct application of the principles of *Taylor* and *Shepard*.

**¹²**Of course, the Attorney General, in his discretion, may refuse to grant Lua cancellation of removal. Lua has demonstrated only that he is *eligible* for such relief, not that he is *entitled* to the relief. *See* 8 U.S.C. § 1229b(a) ("The Attorney General *may* cancel removal of an alien who is inadmissible or deportable from the United States . . . ." (emphasis added)).

Lua's petition from the BIA's order denying him cancellation of removal and remand to the BIA for further proceedings not inconsistent with this opinion.[13]

**PETITION GRANTED.**

---

THOMAS, Circuit Judge, concurring:

Rather than holding that Sandoval-Lua has sufficiently borne his burden of proof in this case, I would join the First Circuit in holding that the government bears the burden of proving the existence and nature of prior convictions, even when those prior convictions are at issue only as they relate to an alien's application for discretionary relief. *See Berhe v. Gonzales*, 464 F.3d 74, 85-86 (1st Cir. 2006). There is, however, no practical difference between that holding and the one we issue today since either legal standard allows an alien to establish eligibility when his record of conviction is inconclusive. I therefore concur in the majority's opinion.

---

[13]Because we grant Lua's petition for the reasons explained above, we do not consider his claim that the BIA should be bound by its first decision according to the "law of the case" doctrine.