**Virginia BOLANIOS–COLMENERO aka Virginia Bolanos–Colmenero, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–71020.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 14, 2007.

Michael Franquinha, Law Office of Michael Franquinha, Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S., Department of Homeland Security, Phoenix, AZ, Linda S. Wendtland, Esq., John C. Cunningham, Esq., Claire L. Workman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

MEMORANDUM ***

Virginia Bolanos Colmenero petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of cancellation of removal.

The BIA held that Bolanos Colmenero was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C) because she had been convicted of a crime involving turpitude: false reporting to a police officer, A.R.S. § 13–2907.01. The BIA found that the Arizona false reporting statute is divisible, and only one of its provisions proscribes a crime involving moral turpitude. The BIA concluded that Bolanos Colmenero failed to meet her burden to establish that she had been convicted under the non-turpitudinous portion of the statute. At her removal hearing, Bolanos Colmenero submitted conviction records that did not show which provision of Arizona's false reporting statute she had violated.

We recently clarified that an alien can establish eligibility for cancellation by submitting conviction records that do not conclusively demonstrate the alien committed a crime involving moral turpitude. *Sandoval–Lua v. Gonzales*, 499 F.3d 1121, 1130–32 (9th Cir.2007).

We therefore **GRANT** the petition for review and remand with instructions that the BIA reconsider its decision in light of *Sandoval–Lua*.

**PETITION GRANTED; REMANDED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.