**Moises LOPEZ–GUTIERREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75836.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 5, 2008.

Michael K. Mehr, for Petitioner.

Paul Fiorino, Christina Bechak Parascandola, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Moises Lopez–Gutierrez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings due to ineffective assistance of counsel. We have jurisdiction

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pursuant to 8 U.S.C. § 1252. Reviewing de novo, *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005), we grant the petition for review and remand for further proceedings.

Our recent decisions in *United States v. Vidal,* 504 F.3d 1072, 1086 (9th Cir.2007) (en banc), and *Navarro–Lopez v. Gonzales,* 503 F.3d 1063, 1073 (9th Cir.2007) (en banc), held respectively that accessories after the fact are covered by Cal. Vehicle Code § 10851(a), and that accessory-after-the-fact liability is not necessarily morally turpitudinous. Because "[w]e have before us a record of conviction that is inconclusive" as to the factual predicate for Lopez–Gutierrez's conviction, *see Sandoval–Lua v. Gonzales,* 499 F.3d 1121, 1132 (9th Cir.2007), he has established prejudice from prior counsel's failure to contend that his conviction was not a crime involving moral turpitude. *See Mohammed,* 400 F.3d at 794 (a petitioner "must demonstrate only that she has *plausible* grounds for relief" to establish prejudice from ineffective assistance). We therefore remand with directions that the BIA reopen Lopez–Gutierrez's proceedings. *See Singh v. Ashcroft,* 367 F.3d 1182, 1190 (9th Cir.2004).

We deny the Attorney General's request to strike part of the opening brief.

**PETITION FOR REVIEW GRANTED; REMANDED.**