**Elena Meza MORALES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73743.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 27, 2008.

Elena Meza Morales, pro se.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, James A. Hurley, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Mark C. Walters, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Elena Meza Morales, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision pretermitting her applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and we grant the petition for review and remand.

An intervening change in the law requires us to remand the petition. Concluding that Meza Morales bore the burden of proving that a disqualifying conviction did not exist, the BIA held that Meza Morales's burglary conviction was a crime involving moral turpitude. The BIA recognized that burglary does not categorically involve moral turpitude, and the burglary conviction record does not include the kind of judicially noticeable documents that would support such a determination under the modified categorical approach. *Cf. Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1019–20 (9th Cir.2005). The BIA, however, did not have the benefit of our decision in *Sandoval–Lua v. Gonzales,* 499 F.3d 1121 (9th Cir.2007), in which we held that an alien seeking to establish that criminal convictions do not bar cancellation of removal relief may do so by pointing to inconclusive conviction records. *Id.* at 1129–30.

Because Meza Morales' other conviction qualifies for the petty offense exception contained in 8 U.S.C. § 1182(a)(2)(A)(ii)(II), *see* Cal.Penal Code § 490 (petty theft is punishable by imprisonment not exceeding six months), we re-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mand for the BIA to reconsider Meza Morales' eligibility for relief.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.