Moises **LOPEZ–GUTIERREZ,**
Petitioner,

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

No. 06–75836.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed Oct. 6, 2008.

Michael K. Mehr, Santa Cruz, CA, for Petitioner.

Paul Fiorino, OIL, Christina Bechak Parascandola, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

ORDER

The memorandum disposition filed on May 5, 2008 is amended as follows:

1) Replace the citation on page 2: "*See Mohammed*, 400 F.3d at 794 (a petitioner "must demonstrate only that she has *plausible* grounds for relief" to establish prejudice from ineffective assistance)." with "*See Mohammed*, 400 F.3d at 793–94 (to establish prejudice from ineffective assistance, a petitioner must demonstrate that "the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings" (internal quotation marks and citation omitted))."

2) Replace the sentence on page 2: "We therefore remand with directions that the BIA reopen Lop ez-Gutierrez's proceedings." with "We therefore remand with directions that the BIA grant Lop ez-Gutierrez's motion to reopen."

With these amendments, respondent's petition for panel rehearing is denied. No further petitions for rehearing may be filed.

AMENDED MEMORANDUM **

---

*See Unuakhaulu v. Gonzales*, 416 F.3d 931, 938 (9th Cir.2005); *Li*, 378 F.3d at 964; *Chebchoub v. INS*, 257 F.3d 1038, 1044–45 (9th Cir.2001).

6. *See* 8 U.S.C. § 1252(b)(4)(D).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Moises Lopez–Gutierrez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing de novo, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005), we grant the petition for review and remand for further proceedings.

Our recent decisions in *United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir.2007) (en banc), and *Navarro–Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir.2007) (en banc), held respectively that accessories after the fact are covered by Cal. Vehicle Code § 10851(a), and that accessory-after-the-fact liability is not necessarily morally turpitudinous. Because "[w]e have before us a record of conviction that is inconclusive" as to the factual predicate for Lopez–Gutierrez's conviction, *see Sandoval–Lua v. Gonzales*, 499 F.3d 1121, 1132 (9th Cir. 2007), he has established prejudice from prior counsel's failure to contend that his conviction was not a crime involving moral turpitude. *See Mohammed*, 400 F.3d at 793–94 (to establish prejudice from ineffective assistance, a petitioner must demonstrate that "the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings" (internal quotation marks and citation omitted)). We therefore remand with directions that the BIA grant Lopez–Gutierrez's motion to reopen. *See Singh v. Ashcroft*, 367 F.3d 1182, 1190 (9th Cir.2004).

We deny the Attorney General's request to strike part of the opening brief.

**PETITION FOR REVIEW GRANTED; REMANDED.**