MEMORANDUM **
Petitioner Lynn Amanse Sellers (“Sellers”) asks us to review the Board of Immigration Appeals’ (“BIA”) decision that she was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). We grant her petition for review.
1. In its February 9, 2005 decision, the BIA determined, correctly, that a violation of Sellers’ statute of conviction, child abuse or endangerment under California Penal Code § 273a(a), does not categorically qualify as a crime of violence aggravated felony. See id. at 1127, 1129; see also People v. Valdez, 27 Cal.4th 778, 784, 118 Cal.Rptr.2d 3, 42 P.3d 511 (2002) (A “[violation of section 273a, subdivision (a), can occur in a wide variety of situations: the definition broadly includes both active and passive conduct, i.e., child abuse by direct assault and child endangerment by extreme neglect.”). The BIA held, however, that Sellers was ineligible for cancellation of removal because she had failed to meet her burden of showing that she had “not been convicted of an aggravated felony.” See 8 U.S.C. § 1229b(a); 8 U.S.C. § 1229a(c)(4)(A)(i) (alien bears burden of establishing eligibility for relief). According to the BIA, Sellers was required to provide “conviction record material” that conclusively established that her previous conviction for violating California Penal Code § 273a(a) was not a “crime of violence aggravated felony.” Because she had not done so, the BIA declared her ineligible for cancellation.
After the BIA issued its order denying relief, this Court decided Sandoval-Lua v. Gonzales, 499 F.3d 1121 (9th Cir.2007). In Sandoval-Lua, we held that “an alien seeking to prove his eligibility for cancellation of removal under 8 U.S.C. § 1229b(a) carrfies] his burden of establishing by a preponderance of the evidence that he has not been convicted of an aggravated felony when the alien produces an inconclusive record of conviction[.]” Id. at 1130 (em *623 phasis in original). This holding directly contravenes the BIA’s requirement that Sellers produce a record of conviction that conclusively established that her conviction was not for an aggravated felony.
2. The government seeks a remand to the BIA to apply the Sandoval-Lua standard, even though, in Sandoval-Lua itself, we did not do so. See id. at 1129-31. One contention in support of that request is that, unlike in Sandoval-Lua, the BIA could hold that the conviction materials currently in the administrative record&emdash;i.e., a criminal complaint and abstract of judgment&emdash;conclusively establish that Sellers was convicted of an aggravated felony crime of violence. This argument is premised solely on the fact that count one of the criminal complaint, the only count to which Sellers pled guilty, charges her in the conjunctive&emdash;i.e., “Sellers, who did willfully and unlawfully, .... injure, cause, and permit” her child to suffer injury&emdash;while California Penal Code § 273a(a) reads in the disjunctive&emdash;i.e., “willfully causes or permits” a child to suffer injury. According to the government, Sellers pleaded guilty not only to permitting but also to causing injury to her child, and so admitted to committing an aggravated felony.
The government’s argument is untenable under our case law, so there is no point remanding so that the BIA can consider it. “[A] plea of guilty admits only the elements of the charge necessary for conviction.” Malta-Espinoza v. Gonzales, 478 F.3d 1080, 1082 n. 3 (9th Cir.2007). As a result, where a defendant pleads guilty to a conjunctive charge under a statute that reads in the disjunctive, “[a]ll that we can gather from the charge and the bare record of a plea of guilty ... is that [the defendant] was guilty of either [permitting or causing] or both.” See id. at 1082. Here, the conviction record materials in the current administrative record show only that Sellers pled guilty to count one of the criminal complaint. Given Malta-Espinoza, the BIA would have to hold those materials inconclusive on the issue whether Sellers was convicted of a crime of violence aggravated felony. We therefore decline to remand to the BIA to consider this question.
3. In its final argument, the government asserts that a remand to the BIA to allow the agency to perform a modified categorical analysis is necessary for a second reason: Sellers has now obtained an additional document that may be considered under Taylor’s second step, a transcript of her plea colloquy, and the BIA should be provided with the opportunity to evaluate it. See Sandoval-Lua, 499 F.3d at 1129 (noting that a “transcript of plea colloquy” is one of the “judicially noticeable documents” that a judge may consider while performing a modified categorical analysis). We agree with the government that a remand to the BIA is appropriate. The transcript is a judicially noticeable document that the Board did not have a previous opportunity to evaluate under the standard set forth in Sandoval-Lua, 499 F.3d at 1130. We therefore remand so that the Board may apply the Sandovalr-Lua standard in the first instance by considering the plea colloquy transcript.
In sum, we hold that the Board erred when it required Sellers to produce a record of conviction that conclusively established that she had not been convicted of an aggravated felony. See SandovaL-Lua, 499 F.3d at 1130. We also reject the government’s argument that the conviction materials currently in the administrative record provide such conclusive evidence. We agree with the government, however, that the BIA should be provided with the opportunity to decide whether the plea *624 colloquy transcript definitively indicates that Sellers was convicted of an aggravated felony. We therefore grant the petition for review and remand the case to the BIA for further consideration of Sellers’ eligibility for cancellation of removal.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.