Domingo FIERROS–ORTIZ, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 06–72605.

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

Deniz S. Arik, Stender & Pope, PC, Phoenix, AZ, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Keith Ian Mcmanus, Esq., Michelle Gorden Latour, Esq., U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: WALLACE, LEAVY, and
HAWKINS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

MEMORANDUM **

Domingo Fierros–Ortiz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and we deny in part and grant in part the petition for review.

■ Fierros–Ortiz's contention that the IJ improperly relied on an abstract of judgment in finding him removable is without merit. *See* 8 C.F.R. § 1003.41(a)(5) (abstract of judgment is admissible to establish fact of conviction); *see also Anaya–Ortiz v. Mukasey*, 553 F.3d 1266, 1272–73 (9th Cir.2009).

■ An intervening change in the law requires remand. Concluding that Fierros–Ortiz bore the burden of proving that a disqualifying conviction did not exist, the IJ found that Fierros–Ortiz failed to establish that his conviction under Cal. Health & Safety Code § 11379.6 was not an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). The IJ, however, did not have the benefit of our decision in *Sandoval–Lua v. Gonzales*, 499 F.3d 1121 (9th Cir.2007), in which we held that an alien seeking to establish that criminal convictions do not bar cancellation of removal relief may do so by pointing to inconclusive conviction records. *Id.* at 1129–30.

We remand for the agency to reconsider Fierros–Ortiz's eligibility for relief. The parties shall bear their own costs for this petition for review.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.