Salvador ANGUIANO–MEDEL,
Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 04–72366.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Aug. 31, 2009.

Robert G. Berke, Esquire, Berke Law Offices, Canoga Park, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Salvador Anguiano–Medel, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D) to review questions of law. Reviewing de novo, *Garcia–Jimenez v. Gonzales,* 488 F.3d 1082, 1085 (9th Cir. 2007), we grant the petition for review and remand.

Under the modified categorical approach employed by the agency, we cannot conclude that Anguiano–Medel pleaded guilty to a crime related to a drug listed in the Controlled Substances Act. *See Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir.2007). As the record of conviction did not establish the factual predicate for Anguiano–Medel's plea, it cannot form the basis of the agency's removal order. *See United States v. Vidal,* 504 F.3d 1072 (9th Cir.2007) (en banc) (judgment must contain the critical phrase "as charged in the information" in order to incorporate facts alleged in the information); *see also San-doval–Lua v. Gonzales,* 499 F.3d 1121, 1129–30 (9th Cir.2007) (applying the modi-fied categorical analysis in an immigration context).

In light of this determination, and our intervening decision in *Sandoval–Lua,* 499 F.3d at 1129–30 (alien seeking to demonstrate that criminal convictions do not bar relief from removal may do so by pointing to inconclusive record of conviction), we grant the petition for review, and remand to the BIA.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

