MEMORANDUM **
In these consolidated petitions for review, Jose Santos Torres-Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) orders dismissing his appeal from an immigration judge’s (“IJ”) order of removal and denying his subsequent motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003). We review for abuse of discretion the denial of a motion to reopen. Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002). In 06-71447, we deny the petition for review. In 07-72629, we deny in part and dismiss in part the petition for review.
Torres-Garcia’s conviction for violating Cal. Health & Safety Code § 11379(a) is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) because the record of conviction establishes that he was convicted of selling methamphetamine. Cf. Sandoval-Lua v. Gonzales, 499 F.3d 1121, 1128 (9th Cir.2007). In addition, Torres-Garcia’s former counsel conceded before the IJ that his conviction for violating Cal. Health & Safety Code § 11378 is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).
The BIA did not abuse its discretion in denying Torres-Garcia’s motion to reopen as untimely because the motion was filed almost a year after the final administrative order, see 8 U.S.C. § 1229a(c)(7)(C)(i), and Torres-Garcia did not show he was entitled to equitable tolling, see Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir.2003).
Although we have jurisdiction to review Torres-Garcia’s contention that the application of § 440(d) of the Antiterrorism and Effective Death Penalty Act (“AEDPA”) has an impermissibly retroactive effect in his case, Saravia-Paguada v. Gonzales, 488 F.3d 1122, 1130 (9th Cir.2007), his contention lacks merit because he was convicted after AEDPA’s effective date, id. at 1133.
We lack jurisdiction to review the BIA’s decision whether to invoke its sua sponte authority to reopen proceedings. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
In 06-71447, PETITION FOR REVIEW DENIED.
*931 In 07-71860, PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.