**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODERICK RUGNAO REALON, a.k.a. Roderick Realon, a.k.a. Ricky Realon, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 04-72780 Agency No. A038-980-434 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:      SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Roderick Rugnao Realon, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo questions of law, *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1126 (9th Cir. 2007), and we grant the petition for review and remand for further proceedings.

The BIA determined that Realon was ineligible for cancellation of removal because his conviction under Cal. Veh. Code § 10851(a), was categorically an aggravated felony theft offense. We subsequently held that Cal. Veh. Code § 10851(a) is not categorically a theft offense. *See United States. v. Vidal*, 504 F.3d 1072, 1074-75 (9th Cir. 2007) (en banc).

The BIA did not conduct a modified categorical analysis to ascertain whether the record of conviction sufficiently establishes that Realon was convicted of the generic theft offense. *See Sandoval-Lua*, 499 F.3d at 1132. We therefore remand to the BIA in order for it to make this determination in the first instance. *See Fregozo v. Holder*, 576 F.3d 1030, 1039 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED**.