
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MA JOCELYN BORBE MENDOZA, aka Maria Jocelyn Borbe-Mendoza; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-71506 <br><br> Agency Nos. A099-339-532 <br> A099-339-533 <br> A099-339-534 <br> A099-339-535 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2011**
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CONLON, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Petitioner Elizalde Mendoza petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA"), denying his requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.[1]

Where, as here, "the [BIA] incorporates the IJ's decision as its own, we review both the decisions of the [BIA] and IJ." *Ahir v. Mukasey*, 527 F.3d 912, 916 (9th Cir. 2008) (internal quotation omitted). If it is not clear whether the BIA conducted an independent review of the record, we may examine the IJ's decision to help determine what lay behind the BIA's conclusion. *Benyamin v. Holder*, 579 F.3d 970, 974 (9th Cir. 2009) (noting that "[w]here the standard of review the BIA employed is unclear, we may look to both the BIA's decision and the IJ's oral decision as a guide to what lay behind the BIA's conclusion.") (internal quotation and citation omitted). Our "review is limited to the actual grounds relied upon by the BIA." *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009) (internal citation omitted). Legal determinations are reviewed de novo, *Sandoval-Lua v. Gonzales,* 499 F.3d 1121, 1126–27 (9th Cir. 2007), and factual findings are

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

reviewed under a substantial evidence standard. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009).

Here, although Mendoza received multiple death threats, no one ever attempted to physically harm him and he received police protection at every turn. The acts of which he complains are not sufficiently extreme to establish past persecution, and he did not show that the government was unable or unwilling to protect him, as required for asylum relief. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir. 2003); *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000).

Further, Mendoza has not shown a well-founded fear of future persecution. There is no evidence that anyone actually attempted to harm him, or to harm the journalist with whom he was alleged to have been speaking. Indeed, at the time of Mendoza's immigration hearing, the journalist was still living, unharmed, in the Philippines. Given the exposure of Mendoza's conflict in the press and in the courts, it is unlikely that Mendoza's supervisor would seek to hurt him in the future; even if he did, the Philippine authorities appear willing and able to protect Mendoza, as they have in the past. Under these circumstances, Mendoza's fear of future persecution, subjectively genuine though it may be, is insufficient to warrant relief.

Mendoza interprets the BIA's decision as denying relief *only* because Mendoza failed to show a "whistleblower" nexus to his harms. He argues that it failed to consider his argument that the death threats were prompted by his refusal to kill the journalist, which he contends was a "political opinion." We disagree with Mendoza's interpretation of the BIA's decision. Read in the context of this case, and informed by the IJ's decision, it is clear that the BIA's denial of relief was based at least in part on a determination that the harms Mendoza suffered were not sufficient to rise to the level of persecution. Accordingly, the BIA was not required to comment on the second phase of the persecution inquiry, the nexus requirement, because it had already decided that relief was unavailable based on the first phase of the inquiry, the degree of harm requirement. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (noting that the BIA "does not have to write an exegesis on every contention") (internal quotations omitted).

For the reasons set forth above, Mendoza is not entitled to asylum relief. He also is not entitled to withholding of removal or protection under CAT, because he has not shown that it is more likely than not that he would be subject to persecution or torture if returned to the Philippines.

Accordingly, the petition for review is **DENIED**.

4