**Onofre Antonio REYES–ARGUERA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–73101.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Onofre Antonio Reyes–Arguera, Winneka, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Kurt B. Larson, Esquire, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Onofre Antonio Reyes–Arguera, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo legal and constitutional issues, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and we grant in part and deny in part the petition for review.

Contrary to the government's contention, Reyes–Arguera's claims were exhausted because the BIA's opinion cited *Matter of Burbano,* 20 I. & N. Dec. 872 (BIA 1994), and did not express disagreement with any part of the IJ's decision. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc). Moreover, we exercise our discretion to review these claims. *See Singh v. Ashcroft,* 361 F.3d 1152, 1157 n. 3 (9th Cir.2004) (court has discretion to consider a claim not raised in petitioner's opening brief if government brief addressed the claim).

The IJ erroneously concluded that Reyes–Arguera had been convicted under California Penal Code section 273.5(a), where the record establishes that he was convicted under California Penal Code section 243(e). A conviction under section 243(e) is not categorically a crime involving moral turpitude. *See Galeana–Mendoza v. Gonzales,* 465 F.3d 1054, 1061 (9th Cir. 2006). We therefore remand for the agency to consider whether Reyes–Arguera is able to meet his burden of establishing eligibility for relief. *See Sandoval–Lua v. Gonzales,* 499 F.3d 1121, 1130 (9th Cir. 2007) (alien seeking to establish that criminal convictions do not bar relief may do so by pointing to inconclusive conviction records).

Reyes–Arguera's equal protection challenge based on the Nicaraguan Adjustment and Central American Relief Act is foreclosed by *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 603 (9th Cir.2002).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

### In the Matter of: James Henderson SANDERS, Debtor,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.