**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LUIS JAVIER ROSAS-CASTANEDA,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General
                    *Respondent,*

No. 10-70087

Agency No.
A44-113-142

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 9, 2010—San Francisco, California

Filed January 4, 2011

Before: Robert E. Cowen,* A. Wallace Tashima, and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Silverman

---

*The Honorable Robert E. Cowen, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

## COUNSEL

John M. DeStefano, III (argued), Snell & Wilmer, L.L.P, Phoenix, Arizona, for the petitioner.

Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; James E. Grimes (argued), Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for the respondent.

**OPINION**

SILVERMAN, Circuit Judge:

Luis Javier Rosas-Castaneda, a native and citizen of Mexico and a lawful permanent resident of the United States, was convicted of attempted transportation for sale of an amount of marijuana weighing more than two pounds in violation of Arizona law. An Immigration Judge found Rosas-Castaneda removable based on his conviction for a controlled substance violation, but found the record of conviction unclear as to whether his offense constituted an aggravated felony. The IJ requested that Rosas-Castaneda submit the criminal transcript to corroborate the inconclusive record; however, Rosas-Castaneda declined to provide any further evidence of his conviction. Instead, Rosas-Castaneda argued, citing *Sandoval-Lua v. Gonzales*, 499 F.3d 1121 (9th Cir. 2007), that he met his burden for relief from removal because the record of conviction did not conclusively prove that his offense constituted an aggravated felony. The IJ denied his application for cancellation of removal. On appeal, the BIA affirmed, ruling that the REAL ID Act changes the result of *Sandoval-Lua*. We hold today that it does not. Both before and after the REAL ID Act, including at the time *Sandoval-Lua* was decided, the burden of proof was, is, and remains on the alien. In this particular respect, the REAL ID Act merely codified existing law. Therefore, the REAL ID Act did not affect the holding in *Sandoval-Lua*.

## FACTUAL AND PROCEDURAL BACKGROUND

Rosas-Castaneda entered the United States as a lawful permanent resident on August 13, 1993. On December 15, 2006, Rosas-Castaneda was charged with one count of attempted transportation for sale of an amount of marijuana weighing more than two pounds and one count of knowingly possessing for sale an amount of marijuana weighing more than four pounds. On March 22, 2007, he signed an agreement to plead

guilty to one count: "attempted transportation of marijuana for sale, involving more than two pounds, a class three felony, in violation of A.R.S. §§ 13-1001, 13-3405, 13-3401, 13-601, 13-702, and 13-801." On April 23, 2007, he was convicted in Maricopa County Superior Court on that count and sentenced to 30 months' incarceration.

Rosas-Castaneda was served with a notice to appear on April 25, 2007, alleging that he was removable because his conviction constituted (1) an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(B) (illicit trafficking in a controlled substance) and (U) (attempt to commit an aggravated felony), and (2) a violation of a law relating to a controlled substance, as defined in 8 U.S.C. § 1227(a)(2)(B)(i). Rosas-Castaneda denied removability.

On June 12, 2009, the IJ admitted Rosas-Castaneda's conviction documents into evidence — the criminal complaint against him and his plea agreement. Based on these documents, the IJ found Rosas-Castaneda removable on account of his conviction for a controlled substance offense, but not on the basis of a conviction for an aggravated felony. The IJ found that the statute under which Rosas-Castaneda had been convicted was divisible, and that the government had failed to prove by clear and convincing evidence that Rosas-Castaneda's offense constituted an aggravated felony for purposes of removal.

After the IJ found him removable based on the conviction for a controlled substance offense, Rosas-Castaneda stated his intention to apply for cancellation of removal. Aggravated felons are not eligible for cancellation of removal. 8 U.S.C. § 1229b(a). Having found the statute of conviction divisible, the IJ reviewed the record of conviction. These documents reveal only that Rosas-Castaneda was convicted of one count of "[a]ttempted transportation of marijuana for sale, involving more than two pounds, a class 3 felony in violation of A.R.S. §§ 13-1001, 13-3405, 13-3401, 13-610, 13-701, 13-702, and

13-801." The IJ found the record of conviction inconclusive and ordered Rosas-Castaneda to produce a transcript of his Arizona criminal court plea hearing.

Rosas-Castaneda argued that under *Sandoval-Lua*, 499 F.3d 1121, to meet his burden of proof to establish eligibility for cancellation of removal, he needed only to prove that the record of conviction is inconclusive as to whether he was convicted of an aggravated felony. The IJ rejected that argument, distinguishing *Sandoval-Lua* as inapplicable to applications for relief submitted under the subsequently enacted REAL ID Act, and held that the REAL ID Act placed the burden on Rosas-Castaneda to comply with a request to corroborate inconclusive conviction documents. Rosas-Castaneda represented that he would request the transcript, and the IJ continued the proceedings — first until July 28, 2009, then again until September 3, 2009.

In a hearing on September 3, 2009, Rosas-Castaneda argued that (1) the rule stated in *Sandoval-Lua* applied to post-REAL ID Act cases, (2) he was not required to present any further conviction documents to meet his burden of proof for eligibility for cancellation of removal, and (3) he had met his burden by showing that the judicially noticeable conviction documents in the record were inconclusive as to whether his offense constituted an aggravated felony. The IJ asked Rosas-Castaneda if he had requested and received the transcript of his plea hearing. Rosas-Castaneda responded that he had attempted to get the transcript, but had not yet received it. Rosas-Castanda then declined the IJ's offer of a continuance until the transcript arrived. The IJ proceeded to receive evidence in support of Rosas-Castaneda's application for cancellation of removal "in the interest of judicial economy." The IJ issued an oral decision and order at the close of the hearing.

The IJ found Rosas-Castaneda removable based on his conviction of an offense relating to a controlled substance, and denied his application for cancellation of removal based on

his failure to prove conclusively that he had not been convicted of an aggravated felony. The IJ held that under the REAL ID Act, Rosas-Castaneda could be required to produce transcripts from the state criminal proceedings as "corroborating evidence." The IJ distinguished *Sandoval-Lua* on the grounds that *Sandoval-Lua* did not apply post-REAL ID Act. The IJ also found that if Rosas-Castaneda were eligible for cancellation of removal, then his application for relief would have "merit[ed] a favorable exercise of discretion."

On appeal, the BIA did not review whether Rosas-Castaneda's conviction documents were, in fact, inconclusive; nonetheless, the Board affirmed the IJ's decision that the production of an inconclusive record of conviction did not carry Rosas-Castaneda's burden to prove eligibility for cancellation of removal. The BIA also distinguished our decision in *Sandoval-Lua* as not applicable to applications for relief filed after the effective date of the REAL ID Act. Furthermore, the BIA, having found him ineligible for cancellation of removal, mooted the IJ's finding that, if eligible, Rosas-Castaneda's application would merit a favorable exercise of discretion in granting cancellation of removal. Rosas-Castaneda's appeal was dismissed, and he has been removed from the United States.[1]

### *JURISDICTION*

On January 11, 2010, Rosas-Castaneda filed a timely petition for review of the BIA's December 18, 2009, final order of removal. This Court has jurisdiction to review the petition's constitutional and legal claims pursuant to 8 U.S.C. § 1252(a)(2)(D). Jurisdiction in the immigration proceedings was proper under 8 U.S.C. § 1229a.

---

[1] We retain jurisdiction notwithstanding Rosas-Castaneda's having been removed. *See* 8 U.S.C. § 1252(d); *Andreiu v. Ashcroft*, 253 F.3d 477, 484 (9th Cir.2001) (en banc).

## STANDARD OF REVIEW

We review the unpublished decision of the BIA under the deference scheme set forth in *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S. Ct. 161, 89 L.Ed. 124 (1944), "entitling the interpretation to a respect proportional to its power to persuade." *Vasquez v. Holder*, 602 F.3d 1003, 1012 n.8 (9th Cir. 2010) (internal citations and quotations omitted).

"Legal determinations regarding an alien's eligibility for cancellation of removal are reviewed de novo." *Sandoval-Lua*, 499 F.3d at 1126 (quoting *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006)).

## DISCUSSION

### I. *Sandoval-Lua* Applies in the Post-REAL ID Act Context.

Prior to the enactment of the REAL ID Act in 2005, a removable alien applying for discretionary relief from removal had the burden of proving by a preponderance of the evidence (1) that she was eligible for relief, and (2) that her application merited a favorable exercise of discretion. 8 C.F.R. § 1240.8(d). For a lawful permanent resident to prove eligibility for cancellation of removal, she must show that she has (1) been a lawful permanent resident for at least five years; (2) resided in the United States continuously for seven years, regardless of immigration status; and (3) not been convicted of any aggravated felony. *Toro-Romero v. Ashcroft*, 382 F.3d 930, 937 (9th Cir. 2004) (citing 8 U.S.C. § 1229b(a)). Conviction of an aggravated felony constitutes a mandatory ground for denial of relief. *Sandoval-Lua*, 499 F.3d at 1127. Where an alien's conviction "indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." *Id.* at 1129 (citing 8 C.F.R. § 1240.8(d)).

**[1]** In 2007, we decided *Sandoval-Lua*, the facts of which are similar to those in this case. In *Sandoval-Lua*, we upheld an IJ's decision finding a removable alien eligible for cancellation of removal because the statute under which the alien was convicted was divisible and the record of conviction was inconclusive as to whether the offense constituted an aggravated felony. *Id.* at 1124. Relying on the Supreme Court's decisions in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), and *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), *Sandoval-Lua* held that under the modified categorical approach, the relevant inquiry was "whether the judicially noticeable documents establish that [the alien's] conviction *necessarily* was for all of the elements constituting an aggravated felony . . . . If the record of conviction does not so establish, [then the conviction] cannot amount to the generic offense, and [the alien] has carried his burden." 499 F.3d at 1131. We therefore held that "[b]y submitting an inconclusive record of conviction, Lua has affirmatively proven under the modified categorical analysis that he was not necessarily 'convicted of any aggravated felony.' " *Id.* at 1130 (quoting 8 U.S.C. § 1229b(a)(3)).

We now consider whether the REAL ID Act has changed the law regarding an alien's burden of proof in cancellation of removal actions in such a way that *Sandoval-Lua* has been statutorily overruled.

**A.    The    Statutory    Language    of    8    U.S.C. § 1229a(c)(4)(A) Confirms That the REAL ID Act Codified the Existing Regulatory Scheme**.

**[2]** The REAL ID Act amended the Immigration and Nationality Act in 2005, inserting paragraph (4), titled "Applications for Relief from Removal," into 8 U.S.C. § 1229a(c). Pub. L. No. 109-13, § 101(d)(2), 119 Stat. 231 (2005). The statute reads:

> An alien applying for relief or protection from removal has the burden of proof to establish that the alien (i) satisfies the applicable eligibility requirements; and (ii) with respect to any form of relief that is granted in the exercise of discretion, that the alien merits a favorable exercise of discretion.

8 U.S.C. § 1229a(c)(4)(A). This provision appears no different in substance than the requirement stated in the regulation at issue in *Sandoval-Lua*. That regulation, 8 C.F.R. § 1240.8(d), reads:

> The respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion.

Under both the recently enacted Act and the pre-existing regulation, aliens applying for cancellation of removal have the burden of establishing (1) their eligibility for relief, and (2) that their applications merit a favorable exercise of discretion. There is no evidence to suggest that the burden of proof in 8 C.F.R. § 1240.8(d) was adopted with any extraordinary meaning, or that Congress intended the REAL ID Act to distinguish or supersede the regulation's meaning in any way. Indeed, 8 C.F.R. § 1240.8(d) is still a valid regulation, in force with no apparent change to its terms or their meaning since the enactment of the REAL ID Act. Because the enactment of 8 U.S.C. § 1229a(c)(4)(A) merely codifies the regulation at 8 C.F.R. § 1240.8(d), the REAL ID Act did not work any change in that law that affects *Sandoval-Lua*'s logic, holding, or applicability.

**B. The Statutory Language of 8 U.S.C. § 1229a(c)(4)(B) Does Not Grant an IJ Authority to Require an Alien to Supplement the Record of Conviction.**

**[3]** The text of 8 U.S.C. § 1229a(c)(4)(B) reads:

The applicant must comply with the applicable requirements to submit information or documentation in support of the applicant's application for relief or protection as provided by law or by regulation or in the instructions for the application form. In evaluating the testimony of the applicant or other witness in support of the application, the immigration judge will determine whether or not the testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant has satisfied the applicant's burden of proof. In determining whether the applicant has met such burden, the immigration judge shall weigh the credible testimony along with other evidence of record. Where the immigration judge determines that the applicant should provide evidence which corroborates otherwise credible *testimony*, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence.

(emphasis added).

**[4]** The plain language of 8 U.S.C. § 1229a(c)(4)(B) unambiguously authorizes IJs to request corroboration of only *testimonial* evidence, and conspicuously excludes the authority to require an alien to corroborate "other evidence in the record." "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *See Kucana v. Holder*, ___ U.S. ___, 130 S. Ct. 827, 838 (2010) (quoting *Nken v. Holder*, 556 U.S. ___, 129 S. Ct. 1749, 1759, 173 L. Ed. 2d 550 (2009)). The third sentence of 8 U.S.C. § 1229a(c)(4)(B), describing the universe of evidence available to support an IJ's decision, clearly distinguishes "testimony" from "other evidence in the record." In light of this distinction, the charge to the IJ in the second sentence to "de-

termine whether or not *testimony* is credible" and the grant of the authority to the IJ in the fourth sentence to request that "the applicant . . . provide evidence which corroborates otherwise credible *testimony*" should naturally be circumscribed to refer only to *testimony*, and not to "other evidence in the record," such as conviction documents. *Id.* (emphases added).

Furthermore, the authority to require corroborating evidence focuses on the issue of "*credible* testimony" and an applicant's credibility generally, 8 U.S.C. § 1229a(c)(4)(B) (emphasis added); however, there are no issues of credibility raised by the narrow set of judicially noticeable documents available under *Shepard*, 544 U.S. at 16, to determine if an alien's conviction renders him ineligible for relief. *See* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute . . . .").

The plain language of the statute therefore demonstrates that Congress was unambiguous in its intent to grant an IJ authority to request corroboration of only testimonial evidence under 8 U.S.C. § 1229a(c)(4)(B). Moreover, the BIA could not have reasonably concluded that 8 U.S.C. § 1229a(c)(4)(B) extended the scope of the IJ's authority to request evidence corroborating "otherwise credible testimony" to include judicially noticeable conviction documents. Having determined that there is no statutory ambiguity in 8 U.S.C. § 1229a(c)(4)(A) or (B), we find the BIA's position incorrect, and accord it no deference. *See Choin v. Mukasey*, 537 F.3d 1116, 1120-21 (9th Cir. 2008).

**[5]** "We are bound by circuit precedent unless there has been a substantial change in relevant circumstances . . . or a subsequent en banc or Supreme Court decision that is clearly irreconcilable with our prior holding." *United States v. Vasquez-Ramos*, 531 F.3d 987, 991 (9th Cir. 2008) (internal citations omitted). Because the REAL ID Act has made no change in the law that would make our precedent in *Sandoval-Lua* inapplicable to applications for relief submitted under the

REAL ID Act, we hold that the BIA erred in failing to apply *Sandoval-Lua* to Rosas-Castaneda's application for cancellation of removal.

## II.   The Record of Conviction Is Inconclusive as to Whether Rosas-Castaneda's Offense Qualifies as an Aggravated Felony.

**[6]** To determine whether Rosas-Castaneda's conviction for "attempted transportation for sale of more than two pounds" under Ariz. Rev. Stat. § 13-3405 constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), the court applies the two-step categorical approach articulated in *Taylor*.[2] *See Parrilla v. Gonzales*, 414 F.3d 1038, 1042-44 (9th Cir. 2005).

**[7]** Rosas-Castaneda's statute of conviction provides in relevant part: "A person shall not knowingly . . . transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana." Ariz. Rev. Stat. § 13-3405(A)(4). A conviction under this statute does not qualify categorically as an aggra-

---

[2]The government argues that the Supreme Court's decision in *Nijhawan v. Holder*, ___ U.S. ___, 129 S. Ct. 2294, 174 L. Ed. 2d 22 (2009), has undermined *Sandoval-Lua*; however, *Nijhawan* is inapposite. In *Nijhawan*, the Court "added a new step to the familiar categorical/modified-categorical approaches first announced in *Taylor* [ ]. Under this approach, we must first decide whether a requirement under a generic crime is an 'element' of the generic crime instead of simply a description of the 'particular circumstances' in which the offender committed the crime on a specific occasion." *Kawashima v. Holder*, 615 F.3d 1043, 1054 (9th Cir. 2010). As the Court has recently stated, *Nijhawan* affects those documents noticeable under *Shepard* only in cases where a circumstance-specific inquiry is required. *See Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2586 n.11 (2010).

Whether Rosas-Castaneda's offense qualifies as a aggravated felony turns on whether the elements, rather than the circumstances, of his conviction fall within the scope of the generic drug trafficking crime. *Sandoval-Lua* clearly applies. *Nijhawan* merely reaffirms that it does.

vated felony because it contains solicitation offenses,[3] which we have held do not qualify as aggravated felonies within the meaning of 8 U.S.C. § 1101(a)(43)(B). *See Sandoval-Lua*, 499 F.3d at 1130 (citing *Leyva-Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir. 1999)). Because Ariz. Rev. Stat. § 13-3405 "punishes solicitation, the full range of conduct encompassed by the statute does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)." *Sandoval-Lua*, 499 F.3d at 1128 (quoting *United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001)).

**[8]** Turning to the modified categorical approach, we consider "whether the record contains judicially noticeable documents which satisfy [Rosas-Castaneda's] burden of establishing by a preponderance of the evidence that his controlled substance conviction under [Ariz. Rev. Stat. § 13-3405] does not constitute a conviction of an aggravated felony." *Sandoval-Lua*, 499 F.3d at 1129. The list of judicially noticeable documents that this court may consider in applying the modified categorical approach is limited to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* (quoting *Shepard*, 544 U.S. at 16). Where a record of conviction proves inconclusive, an alien carries his burden of proving by a preponderance of the evidence that she has not been convicted of an aggravated felony. *Id.* at 1130. The record in this case includes the charging document and a copy of the plea agreement. Together these documents reveal only that Rosas-Castaneda was convicted of one count of "[a]ttempted transportation of marijuana for sale, involving more than two pounds, a class 3 felony in violation of Ariz. Rev. Stat. §§ 13-1001, 13-3405, 13-3401, 13-610, 13-701, 13-702, and 13-801."

---

[3]The inclusion of the phrases "offer to transport for sale or import into this state," and "offer to sell or transfer marijuana" demonstrates that this statute includes solicitation offenses. *See Sandoval-Lua*, 499 F.3d at 1130.

**[9]** "If judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense," then those facts do not satisfy the modified categorical approach, which requires that a court "determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime." *United States v. Navidad-Marcos*, 367 F.3d 903, 909 (9th Cir. 2004) (quotation marks and internal citation omitted). Neither document in the record of conviction produces any specific information that definitively rules out the possibility that Rosas was convicted of a solicitation offense under Ariz. Rev. Stat. § 13-3405. We therefore hold the record of conviction inconclusive, we grant Rosas-Castaneda's petition for review, vacate the BIA's order denying him cancellation of removal, and we remand to the BIA for proceedings consistent with this opinion.

PETITION GRANTED.