**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2186
_____

RICHARD REID,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A040- 094- 521)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2012
Before:  GREENAWAY, JR., ROTH, and TASHIMA,[*] Circuit Judges

(Opinion filed: June 12, 2012)
_____

OPINION
_____

PER CURIAM

Richard Reid petitions for review of an order of the Board of Immigration Appeals

_____

[*] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

1

("BIA"), which dismissed his appeal from an Immigration Judge's ("IJ") final removal order. For the reasons that follow, we will deny the petition for review.

I.

Reid is a native and citizen of Jamaica. He was admitted as a permanent resident in 1986. He was charged with being removable because he had been convicted of: (1) a controlled substance violation, § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1227(a)(2)(B)(i)]; (2) an aggravated felony under INA § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B)], and INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)]; and (3) a firearms or destructive device violation, INA § 237(a)(2)(C) [8 U.S.C. § 1227(a)(2)(C)]. Reid conceded that he had been convicted of a controlled substance violation, but denied the other charges. An Immigration Judge ("IJ") found that the Government had failed to meet its burden to show that the controlled substance conviction was an aggravated felony, but found that Reid was removable for the firearms charge and the controlled substance violation. Reid applied for cancellation of removal, pursuant to INA § 240A [8 U.S.C. § 1229b], and also for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The IJ found that the Government had not met its burden of showing that Reid's 1993 conviction for criminal sale of (an unspecified) controlled substance in the 5th degree, in violation of N.Y. Penal Law § 220.31, was an aggravated felony, because although the produced indictment listed eight counts, all involving cocaine, none of the

counts included the offense to which Reid pleaded guilty, and there was no plea transcript to clarify the matter. However, the IJ noted that for purposes of cancellation of removal, it was Reid's burden to prove that he had *not* been convicted of an aggravated felony. The IJ noted that Reid testified that the controlled substance he was convicted of selling was, in fact, cocaine. The IJ found, given the conviction documents[1] and Reid's testimony, that he had not met his burden of establishing that he had not been convicted of an aggravated felony, and that Reid was thus ineligible for cancellation of removal.

The IJ also found that Reid's crime was "particularly serious," thus barring him from asylum, statutory withholding of removal, and withholding of removal under the CAT. See INA §§ 208(b)(2)(A)(ii) & (b)(2)(B)(i) [8 U.S.C. § 1158(b)(2)(A)(ii) & (b)(2)(B)(i)] (regarding eligibility for asylum); 241(b)(3)(B)(ii) [8 U.S.C. § 1231(b)(3)(B)(ii)] (regarding eligibility for statutory withholding of removal); 8 C.F.R. §§ 1208.16(c)(4); 1208.16(d)(2) (regarding eligibility for withholding of removal under the CAT).

The IJ also denied Reid's request to be granted deferral of removal under the CAT, based on his allegation that he is gay. The IJ stated that "[t]he record compels a conclusion that the Jamaican government acquiesces in the torture of gay men." However, the IJ found that Reid had failed to meet his burden of establishing that he is gay. Reid testified that he realized he was gay in the early '90s, that the mother of his

---

[1] The conviction documents considered by the IJ included a "Certificate of Disposition Indictment," as well as the underlying indictment.

son discovered him in bed with a man in 2001, and that he had gay relationships in the United States. The IJ found that Reid's testimony was consistent with his application, but the IJ stated that Reid's testimony "lacked detail and specificity which would lead the court to conclude that it is credible."

The IJ also faulted Reid for presenting only two corroborative documents: a statement by the mother of his child, Alethia Johnson (who also testified), and a statement by his sister. The IJ questioned "the reliability of the information provided" by Johnson because of her "obvious bias." The IJ noted that Reid's mother was living with Johnson, and that Johnson had an interest in having Reid remain in the United States to help care for their son. The IJ gave little weight to Reid's sister's statement, because she did not present herself for cross-examination. The IJ noted that although Reid claimed to have had relationships with three men in the United States, Reid said the most recent man refused to testify "because he did not want 'his business' to be discussed in court." The IJ commented that although Johnson said a man came with Reid when Reid visited their son, she could not provide the name of the man. The IJ also faulted Reid for not providing statements or testimony from other gay men or lesbians whom he said knew of his sexual orientation.

The IJ concluded that although Reid's "testimony was consistent with his application and corroborated by the mother of his child, the evidence before the Court is equally consistent with the story being concocted to provide the Respondent an

opportunity to avoid deportation despite his serious criminal history."

In his counseled brief to the BIA, Reid argued that the IJ's finding that he failed to meet his burden of establishing that he was gay was clearly erroneous. Reid pointed to Eke v. Mukasey, 512 F.3d 372, 375, 381 (7th Cir. 2008), where the BIA noted that an alien who was attempting to establish that he was gay did not submit letters, affidavits, or other forms of corroborative evidence, did not provide the name of any partner, and did not provide any supporting witnesses. Reid argued that he had provided everything found lacking in the Eke case. Reid argued that the IJ erred in considering that Johnson could not provide a name for a man with whom she believed Reid was having a relationship, as this omission did not go to the heart of his claim. Reid also argued that requiring Reid to produce an ex-lover to testify on his behalf created an impossibly high standard.

Reid also argued that the IJ should not have relied on his testimony in finding his 1993 conviction to be an aggravated felony. Reid argued that because the IJ had made an adverse credibility finding on the issue of whether he was gay, the IJ should not have believed him when he said cocaine was involved in his conviction. Reid also argued that the burden of proving that his conviction was not an aggravated felony should not have shifted to him, because the Government had not met the initial burden of production to show that a mandatory bar to cancellation of removal applied. Reid also argued that his conviction did not constitute a "particularly serious crime."

The BIA, acting through a three-member panel, noted that for purposes of

5

cancellation of removal, it was Reid's "exclusive burden" to prove all requisite facts. The BIA agreed with the IJ that Reid had not established that the controlled substance involved was *not* cocaine, and thus he was barred from relief. The BIA also agreed that the conviction was for a particularly serious crime, making him ineligible for asylum, statutory withholding of removal, and withholding of removal under the CAT. The BIA stated that the IJ did not err in relying on Reid's testimony that the drug involved was cocaine, because Reid's "clear and uncontroverted testimony" constituted "reliable information."

Two members of the BIA found no reason to reverse the IJ's denial of deferral of removal under the CAT. The panel majority agreed with the IJ's finding that Reid had not met his burden of establishing that he is gay. The majority also agreed with the IJ "that sufficient reliable corroborating evidence was not provided, and that the respondent failed to reasonably explain why he could not obtain it, for the reasons provided in detail" by the IJ. One member dissented from this portion of the decision, noting that the IJ "did not render an explicit adverse credibility finding," and noting that she would have found the corroborative evidence submitted to be sufficient to establish that Reid was gay. Reid filed a timely pro se petition for review.[2]

II.

---

[2] Reid filed a motion for stay of removal, but later withdrew the motion before it was ruled upon. According to the Government's brief, he was then removed to Jamaica. Resp. Br. at 21. We retain jurisdiction over the petition for review despite Reid's removal. Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 339 n.4 (3d Cir. 2008).

Reid does not dispute that he is removable for having committed a controlled substance violation; thus he is a "criminal alien" and this Court lacks jurisdiction to consider his petition for review, except to the extent it raises constitutional claims or questions of law. See INA § 242(a)(2)(C), (D) [8 U.S.C. § 1252(a)(2)(C), (D)]; Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Reid argues that: (1) he provided sufficient corroboration of his allegation that he is gay; (2) the Government has a burden of production to show that a mandatory bar to cancellation of removal applies, and because it did not meet that burden, he remained eligible for cancellation of removal; and (3) the IJ erred in relying on his testimony to establish that his 1993 conviction involved cocaine.

We lack jurisdiction to consider the factual question of whether Reid provided sufficient corroboration of his allegation that he is gay. See Aden v. Holder, 589 F.3d 1040, 1046 (9th Cir. 2009) (applying factual review standard to question of sufficiency of corroboration); Abraham v. Holder, 647 F.3d 626, 632 (7th Cir. 2011) (IJ's conclusion that applicant lacked sufficient credible evidence to meet standard for untimely asylum claim not a question of law). We do have jurisdiction to consider the question of whether the BIA failed to apply the right law when it treated him differently than the applicant in Eke. However, in Eke the BIA did not state that Eke *would* have been granted relief if he had provided, for instance, the name of a partner, a witness, and an affidavit; rather, its description of the types of evidence available "show[ed] that many different kinds of materials *might* have served as corroborating evidence; it was Eke's failure to present

anything useful, combined with gaps and inconsistencies" in his testimony, that undermined his case. Eke, 512 F.3d at 381. We do not find that Eke created a standard that the BIA failed to apply. As we cannot otherwise review the BIA's finding that Reid failed to meet his burden of establishing that he is gay, we must uphold the BIA's denial of deferral of removal under the CAT.[3]

We next turn to Reid's remaining arguments: that the burden of proof to establish that he had not been convicted of an aggravated felony did not shift to him, and that the IJ erred in relying on his testimony to establish that his 1993 conviction involved cocaine.

Reid cites 8 C.F.R. § 1240.8(d), the regulation regarding the burden of proof applicable where an alien seeks cancellation of removal:

> Relief from removal. The respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion. *If the evidence indicates* that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.

(emphasis added). Reid argues that the burden noted in the first sentence of the regulation applies only to his burden to establish affirmative grounds for eligibility. He argues that if the evidence *doesn't* indicate that a ground for mandatory denial applies, then the burden mentioned in the second sentence never shifts to the alien to prove that

---

[3] Reid argues that the BIA and IJ improperly found his crime to be "particularly serious," thus precluding his eligibility for asylum and withholding of removal. However, because he sought that relief based on his allegation that he is gay, and because we do not have jurisdiction to review the finding that he failed to meet his burden of establishing that he is gay, we need not consider whether his crime was "particularly serious."

the grounds do not apply. Reid analogizes to the "firm resettlement bar" context. In

Abdille v. Ashcroft, 242 F.3d 477, 491 (3d Cir. 2001), the regulation at issue (8 C.F.R.

§ 208.13(c)(2)(ii) (2000)) provided: "If the evidence indicates that one of the above

grounds [including the firm resettlement bar] apply to the applicant, he or she shall have

the burden of proving by a preponderance of the evidence that he or she did not so act."

This Court held that the "if the evidence indicates" language meant that the Government

had the initial burden of producing evidence that the firm resettlement bar applies. Id. If

the Government met the burden, then the burden would shift to the alien to show that s/he

had not firmly resettled in a third country. See also Diallo v. Ashcroft, 381 F.3d 687,

693-94 (7th Cir. 2004) (same). Reid also points to Alvarado v. Gonzales, 449 F.3d 915,

930 (9th Cir. 2006), where, in the context of a "persecution of others" bar to asylum, the

Court held that evidence presented by the Government was "sufficient to raise an

inference" that the mandatory bar applied, thus shifting the burden to the alien. Although

Reid does not cite cases in the cancellation of removal context, the Ninth Circuit has

reached a similar result in such cases, using different terminology (considering the effect

of an "inconclusive record of conviction" rather than pointing to the "if the evidence

indicates" language).[4]

---

[4] See Sandoval-Lua v. Gonzales, 499 F.3d 1121 (9th Cir. 2007), authority affirmed in
Rosas–Castaneda v. Holder, 630 F.3d 881, 888 (9th Cir.2011) (ruling that enactment of
REAL ID Act does not affect the holding of Lua); but see Vasquez-Martinez v. Holder,
564 F.3d 712, 716 (5th Cir. 2009) (rejecting argument that initial burden of production of
evidence that alien is ineligible for discretionary relief lies with government); Garcia v.
Holder, 584 F.3d 1288, 1290 (10th Cir. 2009) (stating that the Ninth Circuit approach

However, here, due to Reid's admission that the drug involved was cocaine, the evidence indicated that a ground for mandatory denial (aggravated felony conviction) might apply. Nor could one characterize the record before the IJ and BIA as "inconclusive," given Reid's testimony. Reid argues that under a categorical approach the IJ should not have considered evidence outside the record of conviction (i.e., his testimony), but he cites no case law supporting his argument that sworn testimony of the applicant should not be considered where the alien bears the burden.[5] We thus agree that Reid did not meet his burden of showing that he was eligible for cancellation of removal.

Because we cannot reach the question of whether Reid established that he is gay, and because Reid did not meet his burden of establishing that he has not been convicted of an aggravated felony, we will deny the petition for review.

---

"effectively nullifies the statutorily prescribed burden of proof"); Salem v. Holder, 647 F.3d 111, 116 (4th Cir. 2011), cert. denied, 2012 WL 33300 (Jan. 9, 2012) (approving of Garcia and stating that "Tenth Circuit's approach hews more closely to the relevant statutory text" in shifting burden to alien to establish that he is eligible for cancellation).

[5] Reid argues that "because the IJ made an adverse credibility finding as to one aspect of the Petitioner's testimony, if the Petitioner was gay, there is reason to question the reliability of the testimony giving rise to the finding that he was convicted of an aggravated felony." Pet. Br. at 4-5. However, the IJ did not explicitly make an adverse credibility finding.