**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR MANCILLA-DELAFUENTE, *Petitioner*, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, *Respondent*. | No. 12-73469 <br><br> Agency No. A094-397-433 <br><br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
August 14, 2015—San Francisco, California

Filed November 2, 2015

Before: Richard C. Tallman and Consuelo M. Callahan,
Circuit Judges, and Lee H. Rosenthal,* District Judge.

Opinion by Judge Callahan

---

* The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for the Southern District of Texas, sitting by designation.

## SUMMARY[**]

### Immigration

The panel dismissed Hector Mancilla-Delafuente's petition for review of the Board of Immigration Appeals' decision finding him ineligible for cancellation of removal based on his conviction for conspiracy to possess a credit card without consent, in violation of Nevada Rev. Stat. §§ 199.480 and 205.690(2).

The panel held that because an intent to defraud applies to all conduct proscribed by § 205.690(2), a conviction under the statute is a categorical crime involving moral turpitude. The panel also held that Mancilla-Delafuente was not eligible for the petty offense exception because a conspiracy conviction under § 199.480 is a gross misdemeanor potentially punishable by imprisonment up to one year. The panel deferred to the BIA's interpretation of the Immigration and Nationality Act, which considers the sentence potentially imposed rather than the sentence actually imposed.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Ian Silverberg, Esq. (argued) , Reno, Nevada, for Petitioner.

David Schor (argued), Trial Attorney, Stuart F. Delery, Assistant Attorney General, Erica B. Miles, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

**OPINION**

CALLAHAN, Circuit Judge:

Hector Mancilla-Delafuente ("Mancilla"), a native and citizen of Mexico, entered the United States without being admitted in 1997. The Board of Immigration Appeals ("BIA") found Mancilla removable and determined that Mancilla was ineligible for cancellation of removal because he had been convicted of a crime involving moral turpitude ("CIMT") for which a sentence of one year or longer may be imposed pursuant to 8 U.S.C. § 1229b(b). Mancilla petitions for review, contending that his conviction is not for a categorical CIMT and that he is eligible for the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii). We disagree and dismiss the petition for review.

**I.**

Mancilla entered the United States through El Paso, Texas, in 1997 without inspection by Immigration Officers, and claimed to be from El Paso in order to obtain employment authorization. While living in the United States,

Mancilla was arrested for battery, violating a restraining order, fraudulent application for a driver's license, and twice for domestic battery. Mancilla was also convicted on March 27, 2009, for conspiracy to possess a credit card without consent, in violation of Nev. Rev. Stat. §§ 199.480 and 205.690(2). Mancilla pleaded guilty, was charged a fine and fees of $775.00, and was given credit for two-days time served.

On March 18, 2010, the Department of Homeland Security ("DHS") initiated removal proceedings in connection with Mancilla's March 2009 credit card conspiracy conviction. The DHS's Notice to Appear charged Mancilla with being removable as an alien present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). On June 21, 2011, the Immigration Judge ("IJ") found that Mancilla had been convicted of a CIMT and was thus ineligible for cancellation of removal under 8 U.S.C. § 1229b(b). The IJ also found Mancilla ineligible for the petty offense exception because he had been convicted of an offense that Nev. Rev. Stat. § 193.140 made potentially punishable by imprisonment for up to one year. The BIA affirmed the IJ's order finding Mancilla ineligible for cancellation of removal.

Mancilla filed a timely petition for review with this court.

## II.

We lack jurisdiction over denials of discretionary relief but "retain jurisdiction over the BIA's determination of the purely legal" questions. *See* 8 U.S.C. § 1252(a)(2)(B) and (D); *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002). Whether an offense is a CIMT is a purely legal

question.  *See Mendoza v. Holder*, 623 F.3d 1299, 1302 (9th Cir. 2010).

There are two steps for determining whether an offense is a CIMT: first, the BIA interprets the conduct proscribed by the state statute, and second, the BIA determines whether the conduct proscribed involves moral turpitude.  *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009) (en banc).  We review the BIA's interpretation of the statute de novo.  *Id.*  We review the BIA's interpretation of ambiguous terms in the Immigration and Naturalization Act ("INA"), including the definition of moral turpitude, with the deference required by *Chevron, U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  *Marmolejo-Campos*, 558 F.3d. at 909.

## III.

### A.

Section 1229b(b)(1) does not allow for cancellation of a removal order against an inadmissible alien if he has been convicted of "an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3)," which we have held means that if an alien has been convicted of an offense described under any of those sections, he is ineligible for cancellation.  *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004) ("The most logical reading of 'convicted of an offense under' is that reached by the BIA: 'convicted of an offense *described* under' each of the three sections.") (emphasis in original). Section § 1227(a)(2)(A)(i)(I) provides that an alien convicted of a CIMT for which the potential punishment is one year or

more is removable.[1]  Accordingly, we must look to Nevada law to determine whether Mancilla was convicted of a CIMT and the maximum penalty possible.

In doing so, we apply the categorical approach articulated in *Taylor v. United States*, 495 U.S. 575, 598–602 (1990), and compare the elements of the state offense with those of the generic definition of a CIMT to determine if there is a categorical match. *See Descamps v. United States*, 133 S. Ct. 2276, 2283–86 (2013).

There are two types of possible CIMTs: "those involving fraud and those involving grave acts of baseness or depravity." *See Robles-Urrea v. Holder*, 678 F.3d 702, 708 (9th Cir. 2012).  Here we are concerned with convictions involving fraud. *See Jordan v. De George*, 341 U.S. 223, 227 (1951) (finding that "a crime in which fraud is an ingredient" is a CIMT).  The BIA has held that an offense is a CIMT if the statute has as an element the intent to defraud. *Matter of Cortez*, 25 I. & N. Dec. 301, 306 (BIA 2010).  We review the BIA's precedential interpretation of whether conduct involves moral turpitude with *Chevron* deference. *See Mendoza*, 623 F.3d at 1302 (citing *Marmolejo-Campos*, 558 F.3d at 908–11).  We find the BIA's holding that the intent to defraud is morally turpitudinous is reasonable in light of Supreme Court precedent and this Circuit's precedent. *See*, *e.g.*, *Jordan*, 341 U.S. at 227; *Robles-Urrea*, 678 F.3d at 708. Moreover we have previously held that conspiracy is a CIMT if the underlying offense involved moral turpitude. *See McNaughton v. INS*, 612 F.2d 457, 458 (9th Cir. 1980).

---

[1]  However, § 1182(a)(2)(A)(ii)(II) creates an exception for an alien convicted of a CIMT where the maximum penalty possible does not exceed imprisonment for one year.

Nev. Rev. Stat. § 205.690(2) criminalizes "possess[ion of] a credit card or debit card without the consent of the cardholder and with the intent to circulate, use, sell or transfer the credit card or debit card with the intent to defraud." Thus, in order to be convicted under the statute, the state must show a person acted with the intent to defraud. Accordingly, we affirm the BIA's finding that a violation of Nev. Rev. Stat. § 205.690(2) is a categorical CIMT.

## B.

Mancilla is not entitled to the petty offense exception in section 1182(a)(2)(A)(ii) because the exception is only available to aliens whose CIMT conviction did not have a maximum possible penalty of imprisonment for a year or more. However, a conspiracy conviction under Nev. Rev. Stat. § 199.480 is a gross misdemeanor potentially punishable by one year imprisonment, and is covered by § 1227(a)(2)(A)(i)(I).[2] Although Mancilla was not sentenced to a year imprisonment, we defer to the BIA's reasonable approach of considering the sentence that could have been imposed, not the actual sentence. *See Matter of Cortez*, 25 I. & N. Dec. at 307 (explaining that an offense is described under § 1227(a)(2) if the alien was convicted of a CIMT "for which a sentence of a year *or* longer *could* have been imposed") (emphasis added).

---

[2] Although Nev. Rev. Stat. § 193.140 was amended in 2013 to limit the sentence to 364 days, this is of no help to Mancilla, who was sentenced in 2009, because the amendment provides that it only applies to individuals sentenced after October 1, 2013. NV LEGIS 229 (2013), 2013 Nevada Laws Ch. 229 (S.B. 169), § 30.

## C.

Mancilla's reliance on the Fourth Circuit decision in *Soliman v. Gonzales*, 419 F.3d 276 (4th Cir. 2005), is unavailing. Unlike the Virginia statute at issue in *Soliman*, Nev. Rev. Stat. § 205.690(2) does not contain alternative elements and thus does not allow for the application of the modified categorical approach. *See Descamps*, 133 S. Ct. at 2283–86 (explaining that the modified categorical approach should only be used "to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction"); *see also Mendoza*, 623 F.3d at 1303 ("If the statute proscribes only conduct that involves moral turpitude, we do not proceed to the modified categorical approach") (citation omitted). As the element of intent to defraud applies to all conduct proscribed by Nev. Rev. Stat § 205.690(2), we do not proceed to the modified categorical approach. *See Descamps*, 133 S. Ct. at 2283–86.

## IV.

Because an intent to defraud applies to all conduct proscribed by Nev. Rev. Stat. § 205.690(2), a conviction under the statute is categorically a crime involving moral turpitude. Additionally, we defer to the BIA's interpretation of the INA, which considers the sentence that is potentially imposed instead of the sentence actually imposed. The petition for review is DISMISSED.