**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| OSBALDO BAHENA ALVAREZ, | No.    14-72631 |
| Petitioner, | Agency No. A097-857-757 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Osbaldo Bahena Alvarez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his application for cancellation of removal.  We

have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012), and deny the petition for review.

The agency properly concluded that Alvarez' conviction under California Penal Code ("C.P.C.") § 422 is a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i), where the maximum sentence of incarceration that could have been imposed was one year. *See* 8 U.S.C. § 1227(a)(2)(A)(i) (describing a crime involving moral turpitude "for which a sentence of one year or longer may be imposed); *Latter-Singh*, 668 F.3d at 1163 (a conviction under C.P.C. § 422 is categorically a crime involving moral turpitude); C.P.C. § 422 (providing for punishment "by imprisonment in the county jail not to exceed one year"). Accordingly, the agency properly concluded that Alvarez is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(C) (an applicant cannot have been "convicted of an offense under [8 U.S.C.] section 1182(a)(2) [or] 1227(a)(2)").

Contrary to Alvarez' contention, the petty offense exception of 8 U.S.C. § 1182(a)(2)(A)(ii) does not render him eligible for cancellation of removal, where his conviction is otherwise covered by 8 U.S.C. § 1227(a)(2)(A)(i). *See Mancilla-Delafuente v. Lynch*, 804 F.3d 1262, 1265 (9th Cir. 2015) (a crime of moral turpitude was not entitled to petty offense exception of 8 U.S.C.

§1182(a)(2)(A)(ii), where the conviction was potentially punishable by one year imprisonment, and was covered by § 1227(a)(2)(A)(i)).

Contrary to Alvarez' contention, our decision in *Rosas-Casteneda v. Holder*, 630 F.3d 881, *amended by* 655 F.3d 875 (9th Cir. 2011), does not relate to his case.

In light of this disposition, we do not reach Alvarez' remaining contentions.

**PETITION FOR REVIEW DENIED.**