NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EZEQUIEL MONTES-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | Nos.   13-74065<br>            14-70880<br><br>Agency No. A093-481-294<br><br><br>MEMORANDUM[*] |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before:      LEAVY, SILVERMAN, and GRABER, Circuit Judges.

In these consolidated petitions for review, Ezequiel Montes-Sanchez, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ")

removal order (No. 13-74065), and the BIA's order denying of his motion to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reconsider (No. 14-70880). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, and review for abuse of discretion the denial of motions to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review in No. 13-74065, and deny the petition for review in No. 14-70880.

As to petition No. 13-74065, contrary to Montes-Sanchez' contention, the petty offense exception of 8 U.S.C. § 1182(a)(2)(A)(ii) does not render him eligible for cancellation of removal, where his conviction is otherwise covered by 8 U.S.C. § 1227(a)(2)(A)(i). *See Mancilla-Delafuente v. Lynch*, 804 F.3d 1262, 1265 (9th Cir. 2015) (a crime of moral turpitude was not entitled to petty offense exception of 8 U.S.C. § 1182(a)(2)(A)(ii), where the conviction was potentially punishable by one year imprisonment, and was covered by 8 U.S.C. § 1227(a)(2)(A)(i)). Montes-Sanchez raises contentions regarding the record of conviction and whether his conviction is a crime involving moral turpitude that were not raised before the IJ or the BIA in his direct appeal. We therefore lack jurisdiction to review these contentions. *See* 8 U.S.C. § 1252(d)(1); *Arsdi v. Holder*, 659 F.3d 925, 928-29 (9th Cir. 2011) ("We have repeatedly held that failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear

the matter." (citation and quotation marks omitted)); *cf. Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010) (holding an issue was exhausted, even though not presented to the BIA, because petitioner argued it before the IJ and the BIA adopted the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)).

As to petition No. 14-70880, the BIA did not abuse its discretion in denying Montes-Sanchez' motion to reconsider, where Montes-Sanchez did not point to any alleged errors of fact or law in the prior BIA decision, but rather asserted a new legal argument not previously raised before the agency. *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision"); *Membreno v. Gonzales*, 425 F.3d 1227, 1230 n.5 (9th Cir. 2005) (en banc) (a motion to reconsider is limited to the consideration of factual or legal errors in the disposition of issues previously raised).

**In No. 13-74065: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**In No. 14-70880: PETITION FOR REVIEW DENIED**.