**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERODIS A. DOMINGUEZ, | No. 15-71124 |
| Petitioner, | |
| v. | Agency No. A094-319-033 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017**

Before:   GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Herodis A. Dominguez, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's order denying his application for cancellation

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law. *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012). We deny the petition for review.

The agency properly concluded that Dominguez's conviction under California Penal Code ("C.P.C.") § 422 is a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i), where the maximum sentence of incarceration that could have been imposed was one year. *See id.* (describing a disqualifying crime involving moral turpitude as one for which a sentence of one year or longer may be imposed); *Latter-Singh*, 668 F.3d at 1163 (a conviction under C.P.C. § 422 is categorically a crime involving moral turpitude); C.P.C. § 422 (providing for punishment "by imprisonment in the county jail not to exceed one year"). Accordingly, the agency properly concluded that Dominguez is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C) (cancellation is not available to aliens who have been convicted of an offense under 8 U.S.C. § 1182(a)(2) or 1227(a)(2)).

Contrary to Dominguez's contention, the "petty offense exception" of 8 U.S.C. § 1182(a)(2)(A)(ii)(II) does not render him eligible for cancellation of removal, where his conviction is otherwise described under 8 U.S.C. § 1227(a)(2)(A)(i). *See Mancilla-Delafuente v. Lynch*, 804 F.3d 1262, 1265-66 (9th Cir. 2015) (alien not entitled to the petty offense exception where the conviction is also covered by 8 U.S.C. § 1227(a)(2)(A)(i)).

15-71124

Dominguez's reliance on *Garcia-Lopez v. Ashcroft*, 334 F.3d 840 (9th Cir. 2003), is misplaced, where the BIA acknowledged that he had been convicted of a misdemeanor and properly looked at the maximum possible sentence under C.P.C. § 422. To the extent Dominguez relies on *Garcia-Lopez* to assert that the maximum possible sentence for a misdemeanor in California is six months, *see* 334 F.3d at 846, that determination has been overruled by *Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014) (en banc).

In light of this determination, we do not reach Dominguez's contentions that he satisfied other requirements for cancellation of removal.

Dominguez's contention that his convictions do not render him removable is unavailing, where he conceded removability under a different charge.

**PETITION FOR REVIEW DENIED.**

15-71124