**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARIEL GUILLERMO ROJAS-SALAZAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    17-73462

Agency No. A205-405-804

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Ariel Guillermo Rojas-Salazar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

questions of law. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

The BIA did not err in denying Rojas-Salazar's application for cancellation of removal, where his conviction under Nev. Rev. Stat. ("NRS") §§ 193.330, 205.690(2) was a crime involving moral turpitude. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1227(a)(2)(A)(i), 1229b(b)(1)(C); *Mancilla-Delafuente v. Lynch*, 804 F.3d 1262, 1265 (9th Cir. 2015) (NRS § 205.690(2) is categorically a crime involving moral turpitude). Rojas-Salazar's contention that the BIA erred in not analyzing his conviction as a theft offense fails. *See Mancilla-Delafuente*, 804 F.3d at 1266 ("element of intent to defraud applies to all conduct proscribed by NRS § 205.690(2)"). To the extent Rojas-Salazar contends that the record is ambiguous as to the subsection of his conviction and he was therefore eligible for relief, his contention fails. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an inconclusive conviction record is insufficient to meet applicant's burden of proof to show eligibility for relief). Finally, Rojas-Salazar's contention that the BIA erred in its determination that he did not dispute the subsection of his statute of conviction fails as unsupported by the record. *See Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019) (no error in BIA's waiver determination).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

2                                                                17-73462