**NOT FOR PUBLICATION**

FILED

JAN 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGUSTIN CORNEJO MAGANA, | No. 19-72689 |
| Petitioner, | Agency No. A200-974-420 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2023**
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Petitioner Agustin Cornejo Magana is a native and citizen of Mexico who

seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his

appeal from the order of an Immigration Judge ("IJ") denying him cancellation of

removal under 8 U.S.C. § 1229b(b)(1). We have jurisdiction pursuant to 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252, and we deny the petition.

In 2011, Petitioner was convicted in California state court of misdemeanor forgery. He faced a maximum jail sentence of one year. Cal. Penal Code. § 473 (2011). Both the IJ and BIA found the crime to be one involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A). This finding disqualified Petitioner from cancellation because the law only permits cancellation for applicants who have "not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title." 8 U.S.C. § 1229b(b)(1).

Sections 1182(a)(2) and 1227(a)(2) are similar—both discuss crimes involving moral turpitude—but they are not identical. Section 1182(a)(2)(A) states that noncitizens who have been convicted of a crime involving moral turpitude are inadmissible, but the section contains a "petty offense exception" that exempts one misdemeanor from the moral turpitude bar, subject to certain conditions.[1] *See* 8

---

[1] The exception states that section 1182(a)(2)(A)(i)(I) "shall not apply to an alien who committed only one crime if--
. . .

> (II) the **maximum penalty possible** for the crime of which the alien was convicted . . . **did not exceed imprisonment for one year** and, if the alien was convicted of such crime, the alien was **not sentenced to a term of imprisonment in excess of 6 months** (regardless of the extent to which the sentence was ultimately executed).

8 U.S.C. § 1182(a)(2)(A)(ii) (emphasis added).

U.S.C. § 1182(a)(2)(A). Section 1227(a)(2) states that a noncitizen who "is convicted of a crime involving moral turpitude committed within five years" of the date of his admission and "is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable." 8 U.S.C. § 1227(a)(2)(A)(i).[2]

Petitioner does not appeal the determination that his forgery conviction was a crime involving moral turpitude. And a "crime involving moral turpitude" under section 1182(a)(2)(A) is also "a crime involving moral turpitude" under 8 U.S.C. § 1227(a)(2)(A)(i). *See Mancilla-Delafuente v. Lynch*, 804 F.3d 1262, 1265 (9th Cir. 2015). Both sections are independent barriers to cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C) (stating that the Attorney General may cancel removal if a Petitioner "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), **or** 1227(a)(3)") (emphasis added); *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1085 n.2 (9th Cir. 2021) (noting that even if a petitioner were eligible for the petty offense exception under section 1182(a)(2)(A), eligibility for cancellation of removal under section 1229b(b)(1) also "depends on whether he has been 'convicted of an offense under' [section] 1227(a)(2)").

---

[2] In *Ortega-Lopez v. Barr*, 978 F.3d 680 (9th Cir. 2020), we assessed this subsection in the context relevant here: cancellation of removal. We deferred to the BIA's interpretation that the "committed within five years" language in section 1227(a)(2)(A)(i)(I) is not incorporated into the cancellation of removal statute because it is not an essential element of a crime involving moral turpitude. *Id.* at 688–89. Accordingly, it does not matter that Petitioner's conviction likely occurred more than five years after he entered the United States without inspection.

While Petitioner does not challenge the moral turpitude determination, he nonetheless contends that the moral turpitude bar is inapplicable here. In 2015, the California legislature enacted California Penal Code § 18.5, which reduced the maximum jail sentences for misdemeanor convictions, including Petitioner's forgery conviction, from "up to or not exceeding one year" to "a period not to exceed 364 days." Cal. Penal Code § 18.5 (2015). On January 1, 2017, the California legislature amended California Penal Code § 18.5 to apply retroactively to all misdemeanor convictions. Cal. Penal Code § 18.5(a). Petitioner claims this removes him from the ambit of the moral turpitude bar.

However, in 2021 we held that California Penal Code § 18.5 cannot be applied retroactively for the purposes of determining whether a crime triggers the moral turpitude bar. *Velasquez-Rios*, 988 F.3d at 1089. Accordingly, because the maximum possible sentence for Petitioner's forgery conviction was one year at the time Petitioner was convicted, Petitioner was "convicted of a crime for which a sentence of one year or longer may be imposed," under the meaning of 8 U.S.C. § 1227(a)(2)(A)(i)(II).

Reviewing the BIA's legal determinations de novo, *Velasquez-Rios* controls this case. *See Diaz-Jimenez v. Sessions*, 902 F.3d 955, 958 (9th Cir. 2018). Petitioner is ineligible for cancellation of removal because his 2011 forgery crime was a crime involving moral turpitude.

**PETITION DENIED.**