Filed 9/20/21  P. v. Mendoza CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B305305 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA122267) |
| v. | |
| SAUL ALEJANDRO MENDOZA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Reversed and remanded for further proceedings.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Steven D. Matthews, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

_____

Saul Alejandro Mendoza moved to vacate a conviction under Penal Code section 1473.7 because he says he pleaded guilty without knowing the immigration consequences of the plea. The trial court denied the motion. We reverse and remand for further proceedings to determine which crime or crimes were part of Mendoza's conviction.

The record of the case contains ambiguity about Mendoza's conviction. A felony complaint charged Mendoza with two counts: "SALE/OFFER TO SELL/TRANSPORTATION OF" methamphetamine (Health & Saf. Code, § 11379, subd. (a)) (count 1) and "POSSESSION FOR SALE" of methamphetamine (*id.*, § 11378) (count 2).

On January 10, 2012, Mendoza entered a guilty plea.

According to the plea transcript, Mendoza entered an "open plea." A plea to counts 1 and 2 therefore was required. Accordingly, Mendoza pleaded guilty to *both* counts. The court sentenced Mendoza to four years in state prison, suspended execution of this sentence, and placed Mendoza on probation for three years. The plea transcript does not say whether the court imposed judgment, stayed or suspended any sentence, or placed Mendoza on probation for count 2.

The minute order incorrectly states count 2 was dismissed due to a plea negotiation.

The trial court heard Mendoza's motion to vacate his conviction on January 7, 2020. The judge who heard this motion was the same judge who took his plea in 2012.

The court found Mendoza "understood that he was, in fact, facing immigration consequences" and denied the motion.

2

The immigration consequences of Mendoza's plea may turn on the precise nature of his conviction.

If Mendoza's conviction constituted drug trafficking, it was an aggravated felony. (8 U.S.C. § 1101(a)(43)(B).) An aggravated felony would carry the consequence of mandatory deportation. (8 U.S.C. § 1228(c) [aggravated felony conviction makes noncitizen "conclusively presumed to be deportable"]; *Moncrieffe v. Holder* (2013) 569 U.S. 184, 187–188 & 204; *People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 77.) A person convicted of an aggravated felony cannot obtain relief from removal through asylum, cancellation of removal, or voluntary departure. (8 U.S.C. §§ 1158(b)(2)(A)(ii) & (B)(i), 1229b(a)(3), 1229c(a)(1); *Moncrieffe*, at p. 187.)

If there were a clear rule requiring mandatory deportation, Mendoza may have been entitled to hear it from his lawyer before deciding to plead. (See *Padilla v. Kentucky* (2010) 559 U.S. 356, 369 ["when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear"].)

Count 2, possession for sale of methamphetamine under Health and Safety Code section 11378, is a drug trafficking offense and an aggravated felony. (*U.S. v. Valdavinos-Torres* (9th Cir. 2012) 704 F.3d 679, 689; *In re Hernandez* (2019) 33 Cal.App.5th 530, 533 [prosecution and defendant agreed law was "clear" that § 11378 carried consequence of mandatory deportation].) It appears deportation is mandatory for this conviction: a certainty.

The consequence of a conviction on count 1 alone is less certain. (See *Sandoval-Lua v. Gonzales* (9th Cir. 2007) 499 F.3d 1121, 1128 [Health & Saf. Code, § 11379, subd. (a) is not categorically an aggravated felony because some conduct the

statute proscribes does not constitute drug trafficking], overruled on other grounds by *Young v. Holder* (9th Cir. 2012) 697 F.3d 976; see also *U.S. v. Rizo Vera* (C.D.Cal., Mar. 24, 2014, No. LA CR13-00611) 2014 WL 1247425, *4.)

Mendoza's Health and Safety Code section 11379, subdivision (a) conviction could have been for transportation for personal use, for example, which is not drug trafficking.

This appeal requires us to decide whether the trial court correctly found Mendoza understood the consequences of his plea. We lack information about the exact nature of Mendoza's conviction that is pertinent to this decision. We remand the case to gain this information.

## DISPOSITION

The order is reversed and remanded to determine which crime or crimes were part of Mendoza's conviction and for further proceedings consistent with this opinion.

WILEY, J.

We concur:

STRATTON, Acting P. J.          OHTA, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4